1   GARY M. ROBERTS (State Bar No. 132452)
    groberts@sonnenschein.com
2   SHIRIN SOLEMAN (State Bar No. 252323)
    ssoleman@sonnenschein.com
3   SONNENSCHEIN NATH & ROSENTHAL LLP
    601 South Figueroa Street, Suite 2500
4   Los Angeles, California 90017-5704
    Telephone: (213) 623-9300
5   Facsimile: (213) 623-9924

6   Attorneys for Defendants
    ETHEX Corporation and
7   Target Corporation

8



9               UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11



12  JULIUS FRIEDMAN, an individual,      No.    CV10 1042 GAF (JEMx)

13              Plaintiff,

14      vs.                              DEFENDANTS ETHEX
                                         CORPORATION AND TARGET
                                         CORPORATION'S JOINT NOTICE
15  ETHEX CORPORATION, a Foreign         OF REMOVAL
    Corporation; TARGET
16  CORPORATION, a Foreign
    Corporation registered to do business [28 U.S.C. §§ 1332, 1441 & 1446]
17  in California; and DOES 1-25,
                                         [Diversity Jurisdiction]
18              Defendants.

19

20

21

22

23

24

25

26

27

28

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that defendants ETHEX Corporation ("ETHEX") and Target Corporation ("Target") (collectively "Defendants") hereby jointly remove the above-captioned action from the Superior Court of the State of California for the County of Los Angeles to this Court, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  In support thereof, Defendants state as follows:

## THE STATE COURT ACTION

ETHEX and Target are defendants in a civil action now pending in the Superior Court of the State of California for the County of Los Angeles, Case No. BC416693, entitled "*Julius Friedman v. ETHEX Corporation, et al.*" (the "State Court Action").  Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all "process, pleadings, and orders," including the complaint ("Complaint"), served on Defendants, as well as all papers or exhibits of every kind on file with respect to this action in the state court, are collectively attached hereto as Exhibit A.

Plaintiff filed the State Court Action on June 25, 2009.  (Complaint, p. 1) The Complaint does not plead facts to indicate whether the requisite amount in controversy is met, and therefore the case was not initially removable.  ETHEX was served on October 23, 2009 and answered on November 23, 2009.  Target was served on October 15, 2009 and answered on November 13, 2009.  On January 12, 2010, Plaintiff served Defendants via U.S. Mail and facsimile with his Case Management Statement, in which Plaintiff claimed damages in excess of $75,000, making the case removable.  This Notice of Removal is therefore timely pursuant to 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a).

Pursuant to 28 U.S.C. § 1446(d), a Notice to the Clerk of the Superior Court of Los Angeles and Adverse Parties is being filed in the State Court Action concurrently with the filing of the Notice of Removal.

/ / /

## DIVERSITY OF CITIZENSHIP

Plaintiff is now, and has been, a resident citizen of the State of California. *See* Declaration of Shirin M. Soleman ("Soleman Decl."), attached hereto as Exhibit B, at ¶ 3, Ex. 2 at 2:26-3:2. Therefore, Plaintiff is now, and at the time of the commencement of the State Court Action was, a citizen of the State of California for diversity jurisdiction purposes. 28 U.S.C. § 1332(c)(1).

Defendant ETHEX "is, and was, at all times relevant herein, a foreign corporation doing business in California." (Complaint ¶ 2) ETHEX is now, and at the time of the commencement of the State Court Action was, a citizen of a state other than the state of California for diversity jurisdiction purposes. 28 U.S.C. § 1332(c)(1). ETHEX is, and has been, a corporation incorporated under the laws of the State of Missouri with its principal place of business in Missouri. *See* Soleman Decl. ¶ 4, Ex. 3, attached hereto as Exhibit B.

Defendant Target "is and was, at all times relevant herein, a foreign corporation registered to do business in Los Angeles, California." (Complaint ¶ 3) Target is now, and at the time of the commencement of the State Court Action was, a citizen of a state other that the state of California for diversity jurisdiction purposes. 28 U.S.C. § 1332(c)(1). Target is, and has been, a corporation incorporated under the laws of the State of Minnesota with its principal place of business in Minnesota. *See* Soleman Decl. ¶ 5, Ex. 4, attached hereto as Exhibit B.

Plaintiff also purports to sue various defendants under fictitious names – "DOES 1 through 10 inclusive." (Complaint at ¶ 4) Plaintiffs do not allege the citizenship of these defendants. (*Id.*) However, pursuant to 28 U.S.C. § 1441(a), "the citizenship of defendants sued under fictitious names shall be disregarded." *See Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1424-25 (9th Cir. 1989), *cert. den.* 496 U.S. 937, 110 S. Ct. 3217 (1990).

Therefore, complete diversity of citizenship exists between the parties to this action.

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

## AMOUNT IN CONTROVERSY

Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. The amount in controversy for jurisdictional purposes is determined by the amount of damages or the value of the property that is the subject of the action. *See Hunt v. Wash. State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Meisel v. Allstate Indem. Co.*, 357 F. Supp. 2d 1222, 1225 (E.D. Cal. 2005). Based upon the claim for damages asserted in Plaintiff's Case Management Statement, the amount in controversy in this case exceeds $75,000, exclusive of interest and costs, and therefore the requisite jurisdictional amount has been met. *See* Soleman Decl., attached hereto as Exhibit B, at ¶ 2, Ex. 1 at ¶ 4(b)); *Wigley v. Aircraft Serv. Int'l Group*, 2009 U.S. Dist. LEXIS 119525 (C.D. Cal. Nov. 30, 2009) ("It is undisputed that Defendants had notice that the amount-in-controversy exceeded $ 75,000 when Defendants received the June 17, 2009 Case Management Statement that estimated wage and medical costs in excess of $ 242,000."). Plaintiff also denies that the damages he seeks in his Complaint is no more than $75,000, exclusive of interest and costs. *See* Soleman Decl., attached hereto as Exhibit B, at ¶ 3, Ex. 2 at 3:4-7.

Accordingly, the amount in controversy, exclusive of interest and costs, exceeds $75,000.

## JURISDICTION

The State Court Action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, in that complete diversity of citizenship exists between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

The State Court Action is therefore one which ETHEX and Target may remove to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1       WHEREFORE, defendants ETHEX and Target respectfully remove this

2   action from the Superior Court of the State of California for the County of Los

3   Angeles to this Court, and prays that this Court retain jurisdiction over this action

4   to the exclusion of any other proceedings in said State Court.

5

6   Dated: February 11, 2010      SONNENSCHEIN NATH & ROSENTHAL LLP

7

8

9                     By _____

                                Shirin M. Soleman

10                   Attorneys for Defendants

       30343187          ETHEX Corporation and Target Corporation

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

# **<u>EXHIBIT  A</u>**

1  | GIRARDI | KEESE
2  | JOHN A. GIRARDI, Bar #: 54917
   | 1126 Wilshire Boulevard
3  | Los Angeles, California 90017
   | (213) 977-0211
4  |
5  | Attorney for Plaintiff
6  |
7  |              SUPERIOR COURT OF THE STATE OF CALIFORNIA
8  |                       COUNTY OF LOS ANGELES
9  |
   | JULIUS FRIEDMAN, an individual,      )    CASE NO.
10 |                                       )
11 |              Plaintiff,               )         BC416693
   |                                       )
12 | vs.                                   )    COMPLAINT FOR:
13 |                                       )
   |                                       )      1. NEGLIGENCE
14 | ETHEX CORPORATION, a Foreign          )
15 | Corporation; TARGET CORPORATION, a    )
   | Foreign Corporation registered to do business )
16 | in California; and DOES 1 – 25,       )
17 |                                       )
   |              Defendants.              )
18 |                                       )
19 |                                       )
20 |                                       )
21 |
22 |        Plaintiff, JULIUS FRIEDMAN complains and alleges as follows:
23 |
24 |                            __INTRODUCTION__
25 |
26 |
27 |        1.      Plaintiff Julius Friedman (hereafter as "Plaintiff") was prescribed Isosorbide
28 | Mononitrate 30 mg tablets (hereafter as "the Prescription") to treat his heart condition. Between

1

---

CONFORMED COPY
OF ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUN 26 2009

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
     EUGENA LOPEZ

Exhibit _A_
Page _5_

2007 to 2009, Plaintiff obtained the Prescription from a local Target Pharmacy located on 2831 Eastland Ctr. Dr., West Covina, CA 91791. The Prescription he obtained was manufactured by Defendant Ethex Corporation (hereafter as "Ethex"). The Prescription contained more than the intended levels of the active drug ingredient Isosorbide Mononitrate. Plaintiff suffered bodily injuries as a result of his ingestion of the Prescription.

## THE PARTIES

2.     Defendant Ethex Corporation, is and was, at all times relevant herein, a foreign corporation doing business in California.

3.     Defendant Target Corporation is and was, at all times relevant herein, a foreign corporation registered to do business in Los Angeles, California.

4.     Plaintiff is ignorant of the true names and capacities of Defendants sued hereunder as DOES 1 through 10 inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff is informed and believe and thereon allege that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that the Plaintiff's damages as herein alleged were proximately caused by their conduct.  Plaintiff will amend this complaint to allege the true names and capacities of the defendants DOES 1 through 10 when ascertained. These fictitiously named Defendants, and each of them are, and at all times mentioned were, acting in concert with Defendants, and the parties DOES 1 through 10 inclusive are sued herein individually and joined as Defendants in this action.

5.     At all times relevant herein, all Defendants including DOE Defendants were the agents, servants and employees of each other Defendants, and were acting within the course and scope of their said agency and employment.

//

//

//

2

COMPLAINT FOR DAMAGES

Exhibit _A_

Page _6_

# FIRST CAUSE OF ACTION
## NEGLIGENCE
### (Against all Defendants)

1.     Plaintiff re-alleges each and every allegation contained in the above paragraphs and by this reference incorporates said paragraphs as though fully set forth herein.

2.     At all times herein mentioned, Defendants had a duty to properly manufacture, design, formulate, compound, test, produce, process, assemble, inspect, research, distribute, market, label, package, prepare for use, sell, prescribe, consult and adequately warn of the risks and dangers of the aforementioned product.

3.     At all times herein mentioned, Defendants negligently and carelessly manufactured, designed, formulated, compounded, produced, processed, assembled, inspected, distributed, marketed, labeled the proper content and dosage, packaged, consulted or failed to consult, prepared for use and sold the aforementioned products and failed to adequately test and warn of the risks and dangers of the aforementioned products.

4.     As a proximate result of Defendants' negligence, Plaintiff was rendered sick, sore, lame and disabled, and was injured in health, strength and activity. As a result of said injuries, Plaintiff has had and in the future will have pain, suffering worry, and anxiety. By reason of said injuries and consequences, Plaintiff has sustained general damages in a monetary sum.

5.     By reason of said injuries, Plaintiff has incurred expenses of physicians, hospitals, medical, ambulance, nursing and incidentals, the exact amounts of which at this time cannot be ascertained, all to further damage. By reason of said injuries, Plaintiff will probably incur additional expenses in the future, the exact amounts of which at this time cannot be ascertained, all to further damage. When said amounts of past and further expenses are ascertained, Plaintiff will ask leave of court to amend his complaint and insert said amounts herein.

6.     Also by reasons of his injuries, Plaintiff has lost and will continue to lose earnings in an amount as yet unascertainable.

3

Exhibit A

Page 7

1

**WHEREFORE**, Plaintiffs pray for relief as set forth below.

2

1.     For compensatory and general damages according to proof;

3

2.     For special damages according to proof;

4

3.     For costs of the proceedings herein; and

5

4.     For all such other and further relief as the Court deems just and proper.

6

7

## DEMAND FOR JURY TRIAL

8

9

    Furthermore, Plaintiffs hereby request and demand a jury trial on all issues of fact and law

10

allowed under the law.

11

12

DATED: June 26, 2009                    GIRARDI | KEESE

13

14

                                   BY: _____

15

                                      JOHN A. GIRARDI

16

                                      Attorney for Plaintiff

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES**

Exhibit A

Page 8

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

JOHN A. GIRARDI
GIRARDI & KEESE
1126 Wilshire Boulevard
Los Angeles CA 90017
STATE BAR NO. 54917
TELEPHONE NO.: (213) 977-0211     FAX NO.: (213) 481-1554
ATTORNEY FOR *(Name):*  Plaintiff JULIUS FRIEDMAN
SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: Los Angeles CA 90017
BRANCH NAME: CENTRAL

CONFORMED COPY
OF ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUN 26 2009

John A. Clarke, Executive Officer/Clerk

By _____, Deputy
RUGENA LOPEZ

CASE NAME:   Julius Friedman, an individual v. Ethex Corporation

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | BC416693 |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[X] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve          in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):*  Negligence
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: June 26, 2009
JOHN A. GIRARDI
_____              _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
& Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

Exhibit A
Page 9

| SHORT TITLE: Friedman v. Ethex Corporation, et al., | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I.  Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL?  [ X ] YES   CLASS ACTION?  [  ] YES   LIMITED CASE?  [  ] YES   TIME ESTIMATED FOR TRIAL  [  ] HOURS/ [ 8 ] DAYS

Item II.   Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:**  After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:**  Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:**  In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked.
For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (See Column C below)**

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:**  Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 | Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 | Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 | Asbestos Property Damage | 2. |
| | | ☐ A7221 | Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 | Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 | Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240 | Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 | Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230 | Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270 | Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☒ A7220 | Other Personal Injury/Property Damage/Wrongful Death | ②, 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029 | Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005 | Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 | Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 | Fraud (no contract) | 1., 2., 3. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Exhibit _A_

Page _10_

| SHORT TITLE: Friedman v. Ethex Corporation, et al., | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br>(02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ / Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br>(20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

Exhibit A

Page 11

| SHORT TITLE: Friedman v. Ethex Corporation, et al., | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: |
|---|---|
| ☐1. ☐2. ☐3. ☒4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | 6380 Wilshire Boulevard |

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90048 | |
|---|---|---|---|

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the LOS ANGELES SUPERIOR COURT   courthouse in the Central_____ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: June 26, 2009

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

JOHN A. GIRARDI

---

## PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 4 of 4

Exhibit A
Page 12

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES BC 416693
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE
Case Number _____

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Elihu M. Berle | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Aurelio Munoz | 47 | 507 |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Richard Fruin | 15 | 307 | Hon. Conrad Aragon | 49 | 509 |
| Hon. Rita Miller | 16 | 306 | Hon. John Shepard Wiley Jr. | 50 | 508 |
| Hon. Mary Thornton House | 17 | 309 | Hon. Abraham Khan | 51 | 511 |
| Hon. Helen J. Bendix | 18 | 308 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Judith C. Chirlin | 19 | 311 | Hon. John P. Shook | 53 | 513 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Zaven V. Sinanian | 23 | 315 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Jane L. Johnson | 56 | 514 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. James R. Dunn | 26 | 316 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. David L. Minning | 61 | 632 |
| Hon. John A. Kronstadt | 30 | 400 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Kenneth R. Freeman | 64 | 601 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Mark Mooney | 68 | 617 |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Edward A. Ferns | 69 | 621 |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 |
| Hon. Michael C. Solner | 39 | 415 | Hon. Carl J. West* | 311 | CCW |
| Hon. Ann I. Jones | 40 | 414 | Other | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | |

*Class Actions
All class actions are initially assigned to Judge Carl J. West in Department 311 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005).
This assignment is for pretrial purposes and for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400.
Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly
to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____ JOHN A. CLARKE, Executive Officer/Clerk
By _____, Deputy Clerk

Exhibit A
Page 13

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

Exhibit A
Page 14

NOTICE SENT TO:

Girardi, John A., Esq.
Girardi & Keese, Law Offices of
1126 Wilshire Blvd.
Los Angeles,      CA   90017

RECEIVED
AUG 14 2009
GIRARDI & KEESE

**ORIGINAL FILED**
FILE STAMP

AUG 13 2009

LOS ANGELES
SUPERIOR COURT

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | CASE NUMBER |
|---|---|---|
| JULIUS FRIEDMAN | Plaintiff(s), | BC416693 |
| VS. | | |
| ETHEX CORPORATION ET AL | Defendant(s). | **NOTICE OF CASE MANAGEMENT CONFERENCE** |

✓ 9/25 meet/con
✓ 10/9 owc stn

**TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:**

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for __October 26, 2009__ at __8:30 am__ in __Dept. 74__ at 111 N. Hill Street, Los Angeles, California 90012.

Pursuant to California Rules of Court, 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order dismissing fictitious/unnamed defendants; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (GC 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, CCP Sections 177.5, 575.2, 583.150, 583.360 and 583.410, GC Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: __August 13, 2009__

TERESA SANCHEZ-GORDON
Judicial Officer

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[ / ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.

Date: __August 13, 2009__

John A. Clarke, Executive Officer/Clerk

by _____, Deputy Clerk
**E. MORENO**

LACIV 132 (Rev. 01/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

Exhibit A
Page 15

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>**(AVISO AL DEMANDADO):**<br><br>*Ethex corporation, a foreign Corporation ;*<br>*TARGet corporation, a foreign Corporation*<br>*registery to do business in California and*<br>**YOU ARE BEING SUED BY PLAINTIFF:** *Does 1-25*<br>**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**<br>*Julius Friedman, an individual)* | **FOR COURT USE ONLY**<br>**(SOLO PARA USO DE LA CORTE)**<br><br>**CONFORMED COPY**<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>OCT 09 2009<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____ Deputy<br>DAWN ALEXANDER |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br><br>*Los Angeles Superior Court*<br>*111 N Hill Street* | **CASE NUMBER:**<br>(Número del Caso):<br><br>*BC 416893* |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
*John A. Girardi          Ph: 213 977-0211 Fax 213 481-1554*
*Girardi & Keese*

| DATE: *11 2 6 Wilshire Bl* **JOHN A. CLARKE, CLERK** | Clerk, by | **DAWN ALEXANDER** | Deputy |
|---|---|---|---|
| (Fecha) | | | (Adjunto) |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):
3. [X] on behalf of (specify): *ETHEX Corporation, A Forigen Corporation*

   under: [X] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
            [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
            [ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
            [ ] other (specify):
4. [ ] by personal delivery on (date):

[SEAL]    OCT 09 2009

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

Exhibit /6

Page /6

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
Ethey Corporation, a foreign Corporation ;
TARget Corporation, a foreign Corporation
registered to do business in California and
**YOU ARE BEING SUED BY PLAINTIFF:** Does 1-25
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
Julius Friedman, an individual

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

OCT 09 2009

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
DAWN ALEXANDER

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado.  Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| (El nombre y dirección de la corte es):<br>Los Angeles Superior Court<br>III N Hill Street | (Número del Caso):<br>BC416893 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
John A. Girardi     Ph: 213 977-0211 Fax 213 481-1554
Girardi & Keese
112 W Wilshire B

**DATE:** 10-9    **JOHN A. CLARKE, CLERK**     DAWN ALEXANDER
(Fecha)                                                                    (Adjunto) Deputy

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

OCT 09 2009

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☑ on behalf of (specify): TARGET CORPORATION, A FOREIGN CORPORATION REGISTERED TO DO BUSINESS IN CALIFORNIA
   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Page 1 of 1

Exhibit A
Page 17

 **CT Corporation**

**Service of Process Transmittal**
10/15/2009
CT Log Number 515580410

TO: Jason Walbourn, Senior Counsel - Litigation
Target Corporation
1000 Nicollet Mall
Minneapolis, MN 55403-

RE: **Process Served in California**

FOR: Target Corporation (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Julius Friedman, etc., Pltf. vs. Ethex Corporation, etc., et al. including Target Corporation, Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet Addendum and Statement, Notice of Case Assignment, Instructions, Notice of Case Management Conference, Cover Sheet |
| **COURT/AGENCY:** | Los Angeles County, Superior Court, Hill Street, CA Case # BC416693 |
| **NATURE OF ACTION:** | Personal Injury - Pltf. suffered bodily injuries as a result of his ingestion of the prescription |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/15/2009 at 14:15 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service - File written response // October 26, 2009 at 8:30 a.m. - Case management conference |
| **ATTORNEY(S) / SENDER(S):** | John A. Girardi Girardi & Keese 1126 Wilshire Blvd. Los Angeles, CA 90017 213-977-0211 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/15/2009, Expected Purge Date: 10/20/2009 Image SOP Email Notification, Non Employee Litigation Target gl.legal@target.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of 1 / RM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Exhibit A

Page 13

1

GARY M. ROBERTS (State Bar No. 132452)
SHIRIN SOLEMAN (State Bar No. 252323)

2

SONNENSCHEIN NATH & ROSENTHAL LLP
601 South Figueroa Street, Suite 2500

3

Los Angeles, California 90017-5704
Telephone: (213) 623-9300

4

Facsimile: (213) 623-9924

5

Attorneys for Defendant
Target Corporation

6

7

8

SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

FOR THE COUNTY OF LOS ANGELES

10

11

JULIUS FRIEDMAN, an individual,

Plaintiff,

12

vs.

13

14

ETHEX CORPORATION, a Foreign
Corporation; TARGET CORPORATION, a

15

Foreign Corporation registered to do
business in California; and DOES 1-25,

16

Defendants.

17

No. BC 416693

[Assigned for all purposes to the Honorable
Teresa Sanchez-Gordon]

DEFENDANT TARGET
CORPORATION'S ANSWER TO
PLAINTIFF'S COMPLAINT

Complaint Filed:  June 26, 2009
Trial Date:  None Set

18

19

20

21

22

23

24

25

26

27

28

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 13 2009

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

Exhibit A
Page 19

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

COPY

1    Defendant Target Corporation ("Defendant") states for its answer to Plaintiff Julius

2    Friedman's ("Plaintiff") Complaint as follows:

3    ## GENERAL DENIAL

4    1.    Pursuant to California Code of Civil Procedure § 431.30(d), Defendant denies,

5    generally and specifically, each and every allegation in the Complaint that charges or relates to

6    or purports to charge or relate to Defendant, and further expressly denies, generally and

7    specifically, that Plaintiff has been damaged in the sum or sums alleged, or any other sum or

8    sums whatsoever, or at all.

9    2.    Defendant further denies that Plaintiff has sustained any injury, damage or loss

10    whatsoever by reason of any conduct, action, error or omission on the part of Defendant.

11    ## AFFIRMATIVE AND ADDITIONAL DEFENSES

12    As and for separate affirmative or additional defenses to the purported cause of action in

13    Plaintiff's Complaint, Defendant states as follows:

14    ### FIRST DEFENSE

15    (Failure to State a Cause of Action)

16    1.    The Complaint, and the purported cause of action alleged therein, fails to state facts

17    sufficient to constitute a cause of action against Defendant.

18    ### SECOND DEFENSE

19    (Statute of Limitations)

20    2.    The Complaint, and the purported cause of action alleged therein, is barred by

21    applicable statutes of limitations, including, without limitation, California Code of Civil

22    Procedure Sections 335.1, 340.8, and 343.

23    ### THIRD DEFENSE

24    (Laches)

25    3.    The purported cause of action alleged in the Complaint is barred by the doctrine of

26    laches.

27

28

Exhibit _A_

Page _26_

DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1

## FOURTH DEFENSE

2

### (Unclean Hands)

3

4.   The purported cause of action alleged in the Complaint is barred by unclean hands.

4

## FIFTH DEFENSE

5

### (Estoppel)

6

5.   Plaintiff is estopped from asserting the purported cause of action alleged in the

7

Complaint.

8

## SIXTH DEFENSE

9

### (Waiver)

10

6.   Plaintiff has waived the purported cause of action alleged in the Complaint.

11

## SEVENTH DEFENSE

12

### (Misuse)

13

7.   The purported cause of action alleged in the Complaint is barred by Plaintiff's

14

misuse of the product alleged in the Complaint.

15

## EIGHTH DEFENSE

16

### (Failure to Mitigate)

17

8.   Plaintiff has failed to mitigate or reasonably attempt to mitigate damages, if any,

18

as required by law.

19

## NINTH DEFENSE

20

### (Assumption of Risk)

21

9.   Plaintiff freely and voluntarily assumed the risk of injury and damage alleged in

22

the Complaint, with full knowledge and appreciation of the magnitude thereof, which

23

assumption of the risk was a proximate cause of the alleged damage, if any, sustained.

24

## TENTH DEFENSE

25

### (Comparative Fault/Fault of Others)

26

10.   To the extent Plaintiff has been damaged, such damages are the result of conduct,

27

breaches, acts, or omissions of Plaintiff or others and not Defendant.

28

Exhibit A

Page 21

DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1

<u>ELEVENTH DEFENSE</u>

(Not Sole Proximate/Legal Cause)

11.     Damages allegedly sustained by Plaintiff were the result of an intervening or superseding cause or occurred as a result of the negligence of someone other than Defendant, and thus Defendant was not the sole proximate or legal cause of Plaintiff's alleged loss.

<u>TWELFTH DEFENSE</u>

(No Breach of Duty of Care)

12.     Defendant's alleged conduct did not fall below the applicable standard of care.

<u>THIRTEENTH DEFENSE</u>

(Preemption)

13.     The Complaint, and the purported cause of action alleged therein, is barred by the doctrines of expressed or implied preemption as a result of compliance of the subject medication with all applicable government and industry law and/or standards.


WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiff takes nothing by his Complaint;

2.     That the Complaint be dismissed with prejudice;

3.     For cost of suits incurred herein; and

4.     For such other and further relief as the Court deems just and equitable.


Dated: November 13, 2009             SONNENSCHEIN NATH & ROSENTHAL LLP


By _____
        Gary M. Roberts

Attorneys for Defendant Target Corporation

30341500

Exhibit A
Page 22

DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California, I am over the age of 18 and not a party to the within action.  My business address is:  601 So. Figueroa Street, Suite 2500, Los Angeles, CA 90017.

On November 13, 2009, I served the following documents: **DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT** on each interested party in this action, as follows:

John A. Girardi                    *Attorneys for Plaintiff*
GIRARDI/KEESE
1126 Wilshire Boulevard
Los Angeles, Ca 90017
(213) 977-0211

☐ **PERSONAL SERVICE:** By personally delivering the sealed envelope(s) to the party(ies) at the address(es) listed above, including to a person in charge at the office of the listed attorney, or with respect to party(ies) not represented by counsel, on the named party or a person over the age of 18 years at the listed residence.

☒ **UNITED STATES MAIL:** I placed a true copy of the foregoing document in an envelope addressed to each interested party as set forth above.  I sealed each such envelope, and placed same, with postage thereon fully prepaid, for collection and mailing at Sonnenschein Nath & Rosenthal LLP, Los Angeles, California 90017.  I am readily familiar with Sonnenschein Nath & Rosenthal's practice for collection and processing of correspondence for mailing with the United States Postal Service.  Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

☐ **OVERNIGHT DELIVERY:** I placed the sealed envelope(s) into packaging provided by the overnight delivery carrier and placed same for collection and overnight delivery at an office or regularly utilized drop box of the overnight delivery carrier.

Exhibit A
Page 23

1    ☐   **FACSIMILE:**  After written agreement of the parties, by causing such document

2    to be sent via facsimile transmission to the above-listed facsimile number for such party.  No

3    error was reported by the facsimile machine I used, and I caused the machine to print a

4    transmission record of the transmission, a copy of which is attached to this Declaration.

5    ☐   **ELECTRONIC TRANSMISSION:**  After written agreement of the parties,

6    causing such document(s) to be sent via the email address listed for such party.  I did not

7    receive, within a reasonable time, an electronic message or other indication that the transmission

8    was unsuccessful.

9    I declare under penalty of perjury that the foregoing is true and correct.

10   Executed on November 13, 2009, at Los Angeles, California.

11

12   _____
                                Alicia Aguilar

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit A
Page 24

1   GARY M. ROBERTS (State Bar No. 132452)
    SHIRIN SOLEMAN (State Bar No. 252323)
2   SONNENSCHEIN NATH & ROSENTHAL LLP
    601 South Figueroa Street, Suite 2500
3   Los Angeles, California 90017-5704
    Telephone: (213) 623-9300
4   Facsimile: (213) 623-9924

5   Attorneys for Defendant
    Ethex Corporation

6

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     FOR THE COUNTY OF LOS ANGELES

10

11  JULIUS FRIEDMAN, an individual,        No. BC 416693

12              Plaintiff,                  [Assigned for all purposes to the Honorable
                                           Teresa Sanchez-Gordon]
13          vs.
                                           DEFENDANT ETHEX CORPORATION'S
14  ETHEX CORPORATION, a Foreign           ANSWER TO PLAINTIFF'S
    Corporation; TARGET CORPORATION, a     COMPLAINT
15  Foreign Corporation registered to do
    business in California; and DOES 1-25, Complaint Filed: June 26, 2009
16                                          Trial Date: None Set
                Defendants.
17

18

19

20

21

22

23

24

25

26

27                                          
                                            Exhibit A
28                                          Page 25

_____
       DEFENDANT ETHEX CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

*[Left margin vertical text:]* SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

*[Stamp, upper right:]*
CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 23 2009

John A. Clarke, Executive Officer/Clerk
BY MARY GARCIA, Deputy

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1    Defendant Ethex Corporation ("Defendant") states for its answer to Plaintiff Julius

2    Friedman's ("Plaintiff") Complaint as follows:

3                              **GENERAL DENIAL**

4        1.    Pursuant to California Code of Civil Procedure § 431.30(d), Defendant denies,

5    generally and specifically, each and every allegation in the Complaint that charges or relates to

6    or purports to charge or relate to Defendant, and further expressly denies, generally and

7    specifically, that Plaintiff has been damaged in the sum or sums alleged, or any other sum or

8    sums whatsoever, or at all.

9        2.    Defendant further denies that Plaintiff has sustained any injury, damage or loss

10   whatsoever by reason of any conduct, action, error or omission on the part of Defendant.

11                  **AFFIRMATIVE AND ADDITIONAL DEFENSES**

12       As and for separate affirmative or additional defenses to the purported cause of action in

13   Plaintiff's Complaint, Defendant states as follows:

14                            FIRST DEFENSE

15                     (Failure to State a Cause of Action)

16       1.    The Complaint, and the purported cause of action alleged therein, fails to state facts

17   sufficient to constitute a cause of action against Defendant.

18                           SECOND DEFENSE

19                        (Statute of Limitations)

20       2.    The Complaint, and the purported cause of action alleged therein, is barred by

21   applicable statutes of limitations, including, without limitation, California Code of Civil

22   Procedure Sections 335.1, 340.8, and 343.

23                            THIRD DEFENSE

24                               (Laches)

25       3.    The purported cause of action alleged in the Complaint is barred by the doctrine of

26   laches.

27

28                                                              Exhibit 
                                                               Page 2 6

DEFENDANT ETHEX CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

## FOURTH DEFENSE

### (Unclean Hands)

4.     The purported cause of action alleged in the Complaint is barred by unclean hands.

## FIFTH DEFENSE

### (Estoppel)

5.     Plaintiff is estopped from asserting the purported cause of action alleged in the Complaint.

## SIXTH DEFENSE

### (Waiver)

6.     Plaintiff has waived the purported cause of action alleged in the Complaint.

## SEVENTH DEFENSE

### (Misuse)

7.     The purported cause of action alleged in the Complaint is barred by Plaintiff's misuse of the product alleged in the Complaint.

## EIGHTH DEFENSE

### (Failure to Mitigate)

8.     Plaintiff has failed to mitigate or reasonably attempt to mitigate damages, if any, as required by law.

## NINTH DEFENSE

### (Assumption of Risk)

9.     Plaintiff freely and voluntarily assumed the risk of injury and damage alleged in the Complaint, with full knowledge and appreciation of the magnitude thereof, which assumption of the risk was a proximate cause of the alleged damage, if any, sustained.

## TENTH DEFENSE

### (Comparative Fault/Fault of Others)

10.     To the extent Plaintiff has been damaged, such damages are the result of conduct, breaches, acts, or omissions of Plaintiff or others and not Defendant.

Exhibit _A_
Page _27_

DEFENDANT ETHEX CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

## ELEVENTH DEFENSE

### (Not Sole Proximate/Legal Cause)

11.    Damages allegedly sustained by Plaintiff were the result of an intervening or superseding cause or occurred as a result of the negligence of someone other than Defendant, and thus Defendant was not the sole proximate or legal cause of Plaintiff's alleged loss.

## TWELFTH DEFENSE

### (No Breach of Duty of Care)

12.    Defendant's alleged conduct did not fall below the applicable standard of care.

## THIRTEENTH DEFENSE

### (Preemption)

13.    The Complaint, and the purported cause of action alleged therein, is pre-empted in whole or in part by the Federal Food, Drug & Cosmetic Act ("FDCA") and the regulations promulgated thereunder, the supremacy clause of Article VI of the United States Constitution, and/or federal and/or state laws and regulations governing the labeling, advertising, and sale of prescription pharmaceutical product at issue.

## FOURTEENTH DEFENSE

### (Conformance with Scientific Knowledge)

14.    The Complaint, and the purported cause of action alleged therein, is barred because the product at issue was designed, tested, manufactured and marketed in conformance with the state of the scientific, medical and technological art and knowledge existing at the time of sale.

## FIFTEENTH DEFENSE

### (Compliance with Law)

15.    The Complaint, and the purported cause of action alleged therein, is barred, in whole or in part, because Ethex complied with all applicable statutes and with the requirements and regulations of the Food and Drug Administration.


Exhibit A
Page 28

-3-

DEFENDANT ETHEX CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

### SIXTEENTH DEFENSE

(Open and Obvious Danger)

16.   The Complaint, and the purported cause of action alleged therein, is barred because any alleged danger associated with the use of the product at issue was open and obvious.

### SEVENTEENTH DEFENSE

(Right to Amend)

17.   Ethex hereby gives notice that it intends to rely upon any additional defenses that become available or apparent during the course of discovery, and thus reserves the right to amend its Answer to assert such additional defenses.

WHEREFORE, Defendant prays for judgment as follows:

1.   That Plaintiff takes nothing by his Complaint;

2.   That the Complaint be dismissed with prejudice;

3.   For cost of suits incurred herein; and

4.   For such other and further relief as the Court deems just and equitable.

Dated: November 23, 2009                    SONNENSCHEIN NATH & ROSENTHAL LLP

By _____
        Gary M. Roberts

        Attorneys for Defendant Ethex Corporation



-4-

DEFENDANT ETHEX CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California, I am over the age of 18 and not a party to the within action.  My business address is:  601 So. Figueroa Street, Suite 2500, Los Angeles, CA 90017.

On November 23, 2009, I served the following documents: **DEFENDANT ETHEX CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT** on each interested party in this action, as follows:

        John A. Girardi                    *Attorneys for Plaintiff*
        GIRARDI/KEESE
        1126 Wilshire Boulevard
        Los Angeles, Ca 90017
        (213) 977-0211

☐ **PERSONAL SERVICE:**  By personally delivering the sealed envelope(s) to the party(ies) at the address(es) listed above, including to a person in charge at the office of the listed attorney, or with respect to party(ies) not represented by counsel, on the named party or a person over the age of 18 years at the listed residence.

☒ **UNITED STATES MAIL:** I placed a true copy of the foregoing document in an envelope addressed to each interested party as set forth above.  I sealed each such envelope, and placed same, with postage thereon fully prepaid, for collection and mailing at Sonnenschein Nath & Rosenthal LLP, Los Angeles, California 90017.  I am readily familiar with Sonnenschein Nath & Rosenthal's practice for collection and processing of correspondence for mailing with the United States Postal Service.  Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

☐ **OVERNIGHT DELIVERY:** I placed the sealed envelope(s) into packaging provided by the overnight delivery carrier and placed same for collection and overnight delivery at an office or regularly utilized drop box of the overnight delivery carrier.

Exhibit A

Page 30

DEFENDANT ETHEX CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

1    ☐  **FACSIMILE:**  After written agreement of the parties, by causing such document

2  to be sent via facsimile transmission to the above-listed facsimile number for such party.  No

3  error was reported by the facsimile machine I used, and I caused the machine to print a

4  transmission record of the transmission, a copy of which is attached to this Declaration.

5    ☐  **ELECTRONIC TRANSMISSION:**  After written agreement of the parties,

6  causing such document(s) to be sent via the email address listed for such party.  I did not

7  receive, within a reasonable time, an electronic message or other indication that the transmission

8  was unsuccessful.

9      I declare under penalty of perjury that the foregoing is true and correct.

10      Executed on November 23, 2009, at Los Angeles, California.

11

12                                Alicia Aguilar

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit _A_

Page __31__

DEFENDANT ETHEX CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

CM-110

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, ... e Bar number, and address)*:

Gary M. Roberts (State Bar No. 132452)
Sonnenschein Nath & Rosenthal LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017

TELEPHONE NO.: (213) 623-9300   FAX NO. *(Optional)*: (213) 623-9924
E-MAIL ADDRESS *(Optional)*: groberts@sonnenschein.com
ATTORNEY FOR *(Name)*: Defendants Ethex Corporation and Target Corporation

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Los Angeles**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME:

PLAINTIFF/PETITIONER: JULIUS FRIEDMAN

DEFENDANT/RESPONDENT: ETHEX CORPORATION, ET AL.

FOR COURT USE ONLY

**CONFORMED COPY**
ORIGINAL FILED
Superior Court of California
County of Los Angeles

DEC 2 9 2009

John A. Clarke, executive Officer/Clerk

By _____, Deputy
GLORIETTA ROBINSON

| | **CASE MANAGEMENT STATEMENT** | | |
|---|---|---|---|
| *(Check one):* | ☒ **UNLIMITED CASE** (Amount demanded exceeds $25,000) | ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | CASE NUMBER: BC 416693 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: January 13, 2010   Time: 8:30 a.m.   Dept.: 74   Div.:   Room:

Address of court *(if different from the address above)*:

☐   Notice of Intent to Appear by Telephone, by *(name)*:

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one)*:
   a. ☐   This statement is submitted by party *(name)*:
   b. ☒   This statement is submitted **jointly** by parties *(names)*: Defendants Ethex Corporation and Target Corporation

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐   The complaint was filed on *(date)*:
   b. ☐   The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐   All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed,
   b. ☐   The following parties named in the complaint or cross-complaint
      (1) ☐   have not been served *(specify names and explain why not)*:
      (2) ☐   have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐   have had a default entered against them *(specify names)*:
   c. ☐   The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a.   Type of case in   ☒ complaint   ☐ cross-complaint   *(Describe, including causes of action)*:
        Complaint states one cause of action for negligence.

*Exhibit* A

*Page* 32

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2009]

**CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.
www.FormsWorkflow.com

Page 1 of 4

Cal. Rules of Court,
rules 3.720-3.730
www.courtinfo.ca.gov

**CM-110**

| PLAINTIFF/PETITIONER: JULIUS FRIEDMAN | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ETHEX CORPORATION, ET AL. | BC416693 |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Discovery on these subjects was propounded on November 13.  No response has been received at this point.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request   ☐ a jury trial   ☒ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*
Defendants Ethex and Target do not request a jury trial.

6.  **Trial date**
a.  ☐  The trial has been set for *(date):*
b.  ☐  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):* Although filed on June 26, the summons and complaint were not served until late October.  Plaintiff has not responded to Target's initial discovery, which further suggests this case may take additional time to resolve.
c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☒  days *(specify number):* 5
b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☒ by the attorney or party listed in the caption   ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  Fax number:
f.  E-mail address:
g.  Party represented:
☐  Additional representation is described in Attachment 8.

9.  **Preference**
☐  This case is entitled to preference *(specify code section):*

10.  **Alternative Dispute Resolution (ADR)**
a.  Counsel   ☐ has   ☒ has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.  Plaintiff did not serve the ADR package.
b.  ☐  All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c.  ☐  The case has gone to an ADR process *(indicate status):*

Exhibit A
Page 33

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: JULIUS FRIEDMAN | CASE NUMBER: BC416693 |
| DEFENDANT/RESPONDENT: ETHEX CORPORATION, ET AL. | |

10. d.    The party or parties are willing to participate in (check all that apply):

    (1)  ☐  Mediation

    (2)  ☐  Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

    (3)  ☐  Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

    (4)  ☐  Binding judicial arbitration

    (5)  ☐  Binding private arbitration

    (6)  ☐  Neutral case evaluation

    (7)  ☒  Other (specify): Defendants will seriously consider direct settlement discussions after receipt of meaningful information concerning plaintiff's claim.  Other ADR would be premature at this time.

  e.    ☐  This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit,

  f.    ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

  g.    ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court (specify exemption):

**11. Settlement conference**

    ☐  The party or parties are willing to participate in an early settlement conference (specify when):

**12. Insurance**

  a.    ☐  Insurance carrier, if any, for party filing this statement (name):

  b.    Reservation of rights:    ☐ Yes    ☐ No

  c.    ☐  Coverage issues will significantly affect resolution of this case (explain):

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy    ☐ Other (specify):

Status:

**14. Related cases, consolidation, and coordination**

  a.    ☐  There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

    ☐  Additional cases are described in Attachment 14a.

  b.    ☐  A motion to    ☐ consolidate    ☐ coordinate    will be filed by (name party):

**15. Bifurcation**

    ☐  The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action (specify moving party, type of motion, and reasons):

**16. Other motions**

    ☐  The party or parties expect to file the following motions before trial (specify moving party, type of motion, and issues):

Exhibit A

Page 34

American LegalNet, Inc.
www.FormsWorkflow.com

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: JULIUS FRIEDMAN | CASE NUMBER: |
| DEFENDANT/RESPONDENT: ETHEX CORPORATION, ET AL. | BC416693 |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Defendants | Written Discovery | October 2010 |
| Defendants | Oral Discovery | December 2010 |
| Defendants | Expert Discovery | February 2011 |

c. ☒ The following discovery issues are anticipated *(specify)*: Motions to enforce discovery may be necessary.

**18. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:
Counsel for defendants called counsel for plaintiff on November 24, 2009 and left a message. Counsel for defendants has not received a return call.

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Total number of pages attached** *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: December 29, 2009

Gary M. Roberts
_____
(TYPE OR PRINT NAME)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

Exhibit A
Page 35

American LegalNet, Inc.
www.FormsWorkflow.com

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California, I am over the age of 18 and not a party to the within action. My business address is: 601 So. Figueroa Street, Suite 2500, Los Angeles, CA 90017.

On December 29, 2009, I served the following documents: **CASE MANAGEMENT STATEMENT** on each interested party in this action, as follows:

> John A. Girardi            *Attorneys for Plaintiff*
> GIRARDI/KEESE
> 1126 Wilshire Boulevard
> Los Angeles, Ca 90017
> (213) 977-0211

☐ **PERSONAL SERVICE:** By personally delivering the sealed envelope(s) to the party(ies) at the address(es) listed above, including to a person in charge at the office of the listed attorney, or with respect to party(ies) not represented by counsel, on the named party or a person over the age of 18 years at the listed residence.

☒ **UNITED STATES MAIL:** I placed a true copy of the foregoing document in an envelope addressed to each interested party as set forth above. I sealed each such envelope, and placed same, with postage thereon fully prepaid, for collection and mailing at Sonnenschein Nath & Rosenthal LLP, Los Angeles, California 90017. I am readily familiar with Sonnenschein Nath & Rosenthal's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

☐ **OVERNIGHT DELIVERY:** I placed the sealed envelope(s) into packaging provided by the overnight delivery carrier and placed same for collection and overnight delivery at an office or regularly utilized drop box of the overnight delivery carrier.

☐ **FACSIMILE:** After written agreement of the parties, by causing such document to be sent via facsimile transmission to the above-listed facsimile number for such party. No

1    error was reported by the facsimile machine I used, and I caused the machine to print a

2    transmission record of the transmission, a copy of which is attached to this Declaration.

3    ☐   **ELECTRONIC TRANSMISSION:**  After written agreement of the parties,

4    causing such document(s) to be sent via the email address listed for such party.  I did not

5    receive, within a reasonable time, an electronic message or other indication that the transmission

6    was unsuccessful.

7    I declare under penalty of perjury that the foregoing is true and correct.

8    Executed on December 29, 2009, at Los Angeles, California.

9

10                                                          Alicia Aguilar

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit A

Page 37

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, ~~State~~ Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| John A. Girardi, Esquire<br>GIRARDI & KEESE<br>1126 Wilshire Boulevard<br>Los Angeles, California 90017<br>State Bar No. 54917 | |

TELEPHONE NO. (213) 977-0211   FAX NO. *(Optional)*: (213) 481-1554
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles CA 90017
BRANCH NAME: Central

PLAINTIFF/PETITIONER: JULIUS FRIEDMAN, an individual,

DEFENDANT/RESPONDENT: ETHEX CORPORATION

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):*  [X] **UNLIMITED CASE**  (Amount demanded exceeds $25,000)    [ ] **LIMITED CASE** (Amount demanded is $25,000 or less) | BC416693 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: January 13, 2010    Time: 8:30 a.m.    Dept.: 74    Div.:    Room:
Address of court *(if different from the address above)*:

[ ] Notice of Intent to Appear by Telephone, by *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [X] This statement is submitted by party *(name)*: Plaintiff Julius Friedman
   b. [ ] This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*: June 26, 2009
   b. [ ] The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [X] All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not)*:
      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) [ ] have had a default entered against them *(specify names)*:
   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a. Type of case in  [X] complaint    [ ] cross-complaint    *(Describe, including causes of action)*:
      Negligence based upon improper sizing of medication leading to adverse consequences

Exhibit A
Page 38
Page 1 of 4

**CM-110**

| PLAINTIFF/PETITIONER: JULIUS FRIEDMAN, an individual, | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ETHEX CORPORATION | BC416693 |

4.  b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

The plaintiff consumed generic heart medication Isosorbide Mono. The medication inadvertently contained levels of active ingredients beyond recommended dosages. This defect in the drug was later the subject of an FDA advisory. The plaintiff subsequently was hospitalized for cardiac complaints on two occasions with long term consequence of compromise heart failure. Medical expenses are in excess of $25,000. with loss of business opportunities in excess of $100,000.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request   ☒ a jury trial   ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
a.   ☐   The trial has been set for *(date):*
b.   ☒   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.   ☒   days *(specify number):* 10 days
b.   ☐   hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☒ by the attorney or party listed in the caption   ☒ by the following:
a.   Attorney: Shawn McCann
b.   Firm: Girardi Keese
c.   Address: 1126 Wilshire Boulevard Los Angeles, CA 90017
d.   Telephone number: 213/977-0211
e.   Fax number: 213/481-1554
f.   E-mail address:
g.   Party represented: Plaintiff
☐   Additional representation is described in Attachment 8.

9.   **Preference**
☐   This case is entitled to preference *(specify code section):*

10.   **Alternative Dispute Resolution (ADR)**
a.   Counsel   ☒ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b.   ☐   All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c.   ☐   The case has gone to an ADR process *(indicate status):*

Exhibit A
Page 39

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: JULIUS FRIEDMAN, an individual, | CASE NUMBER: |
| DEFENDANT/RESPONDENT: ETHEX CORPORATION | BC416693 |

10. d.    The party or parties are willing to participate in *(check all that apply)*:

(1)  [ x ]  Mediation

(2)  [ ]  Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

(3)  [ ]  Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

(4)  [ ]  Binding judicial arbitration

(5)  [ ]  Binding private arbitration

(6)  [ ]  Neutral case evaluation

(7)  [ ]  Other *(specify)*:

e.  [ ]  This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f.  [ ]  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g.  [ ]  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption)*:

**11. Settlement conference**

[ ]  The party or parties are willing to participate in an early settlement conference *(specify when)*:

**12. Insurance**

a.  [ ]  Insurance carrier, if any, for party filing this statement *(name)*:

b.  Reservation of rights:   [ ] Yes   [ ] No

c.  [ ]  Coverage issues will significantly affect resolution of this case *(explain)*:

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

[ ] Bankruptcy   [ ] Other *(specify)*:

Status:

**14. Related cases, consolidation, and coordination**

a.  [ ]  There are companion, underlying, or related cases.

   (1) Name of case:

   (2) Name of court:

   (3) Case number:

   (4) Status:

[ ]  Additional cases are described in Attachment 14a.

b.  [ ]  A motion to   [ ] consolidate   [ ] coordinate   will be filed by *(name party)*:

**15. Bifurcation**

[ ]  The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**16. Other motions**

[ ]  The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

Exhibit A
Page 40

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: JULIUS FRIEDMAN, an individual, | CASE NUMBER: |
| DEFENDANT/RESPONDENT: ETHEX CORPORATION | BC416693 |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified (*describe all anticipated discovery*):

| Party | Description | Date |
|---|---|---|
| Plaintiff | written discovery | 03/31/2010 |
| Plaintiff | depositions of defendants' person's most knowledgeable | 06/30/2010 |

c. ☐ The following discovery issues are anticipated (*specify*):

**18. Economic Litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (*if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case*):

**19. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference (*specify*):

**20. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court (*if not, explain*):

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following (*specify*):

**21. Total number of pages attached (*if any*):_____**

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: January 12, 2009

John A. Girardi, Equire
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

Exhibit A
Page 41

# PROOF OF SERVICE

*STATE OF CALIFORNIA, COUNTY OF LOS ANGELES*

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1126 Wilshire Boulevard, Los Angeles, California 90017.

    On January 12, 2010, I served the foregoing document described as: CASE MANAGEMENT STATEMENT, on interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope addressed as follows:

## PLEASE SEE ATTACHED MAILING LIST

[X]   **(BY MAIL)**

    [ ]   I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

    [X]   As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. Postal Service on that day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on January 12, 2010, at Los Angeles, California.

[X]   **(BY FAX)**

Executed on January 12, 2010, at Los Angeles, California.

[ ]   **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the office of the addressee.

Executed on _____ at Los Angeles, California.

[X]   **(STATE)**   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ]   **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at those direction the service was made.

LINDA CASTRO

Exhibit A
Page 42

00274454

---

CASE MANAGEMENT CONFERENCE

PROOF OF SERVICE MAILING LIST JANUARY 2010
FRIEDMAN V. ETHEX CORPORATION


Gary M. Roberts, Esquire
Sonnenschein, Nath & Rosenthal, LLP
601 South Figueroa Street, Suite 2500
Los Angeles California 90017
213/623-9300
213/623-9924 Fax

Attorneys for Defendants: Ethex Corporation; Target Corporation

Exhibit A
Page 43

00274454

CASE MANAGEMENT CONFERENCE

# EXHIBIT  B

1    GARY M. ROBERTS (State Bar No. 132452)
     groberts@sonnenschein.com
2    SHIRIN SOLEMAN (State Bar No. 252323)
     ssoleman@sonnenschein.com
3    SONNENSCHEIN NATH & ROSENTHAL LLP
     601 South Figueroa Street, Suite 2500
4    Los Angeles, California 90017-5704
     Telephone: (213) 623-9300
5    Facsimile: (213) 623-9924

6    Attorneys for Defendants
     ETHEX Corporation and
7    Target Corporation

8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11

12   JULIUS FRIEDMAN, an individual,        No.

13              Plaintiff,                   DECLARATION OF SHIRIN M.
                                             SOLEMAN IN SUPPORT OF
14        vs.                                DEFENDANTS ETHEX
                                             CORPORATION AND TARGET
15   ETHEX CORPORATION, a Foreign            CORPORATION'S NOTICE OF
     Corporation; TARGET                     REMOVAL
16   CORPORATION, a Foreign
     Corporation registered to do business
17   in California; and DOES 1-25,

18              Defendants.

19

20

21

22

23

24

25

26

27

28

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

B
44

# DECLARATION OF SHIRIN M. SOLEMAN

I, Shirin M. Soleman, hereby declare as follows:

1.    I am an associate in the law firm Sonnenschein Nath & Rosenthal LLP, counsel of record for Defendants ETHEX Corporation and Target Corporation.  I have personal knowledge of the facts stated herein and make this Declaration in support of Defendants' Notice of Removal.  If called upon to testify as a witness, I could and would testify to those facts, under oath.

2.    On January 12, 2010 counsel for Plaintiff Julius Friedman served counsel for Defendants ETHEX Corporation and Target Corporation with a Case Management Statement.  A true and correct copy of this Case Management Statement is attached hereto as Exhibit 1.

3.    On February 3, 2010, counsel for Plaintiff Julius Friedman served counsel for Defendant ETHEX Corporation and Target Corporation with Plaintiff's Response to Defendant Target Corporation's Request for Admissions.  A true and correct copy of Plaintiff's Response to Request for Admissions is attached hereto as Exhibit 2.

4.    I have reviewed the Hoover's report for ETHEX Corporation, which indicates that ETHEX Corporation's headquarters and principal place of business is in Missouri.  A true and correct copy of this Hoover's report is attached hereto as Exhibit 3.

5.    I have reviewed the Hoover's report for Target Corporation, which indicates that Target Corporation's headquarters and principle place of business is in Minnesota.  A true and correct copy of this Hoover's report is attached hereto as Exhibit 4.

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300



1

     I declare under penalty of perjury under the laws of the State of California

2

that the foregoing is true and correct.  Executed in Los Angeles, California on

3

February 11, 2010.

4

5

6

                                          Shirin M. Soleman

7

30343290

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

# EXHIBIT  1



# GIRARDI | KEESE
### L A W Y E R S

# FACSIMILE COVER SHEET

**DATE:** January 12, 2010                    **TOTAL PAGES:** 7

**TO:** Gary M. Roberts, Esquire          **FROM:** John Girardi, Esquire
  Fax: 623-9924                                          Girardi & Keese
                                                                    1126 Wilshire Boulevard
                                                                    Los Angeles, CA 90017-1904
**RE:** Friedman v. Ethex Copr.                         Tel: (213) 977-0211
                                                                    Fax: (213) 481-1554

## REMARKS

PLEASE SEE ATTACHED.

## CONFIDENTIALITY

*This facsimile transmission and the documents accompanying it contain information from this law firm that is confidential and privileged. This transmission is intended solely for the use of the recipient(s) named on this cover sheet. If you are not the intended recipient(s), be advised that any disclosure, copying, distribution or use of the contents of this facsimile and the documents accompanying it is prohibited. If you have received this transmission in error, please notify us immediately so that we can arrange for the retrieval of the original documents at no cost to you.*

β
47

12-01-2010   12:17pm   From-GIRARDI   SE                    +                    T-855   P.002/007   F-282

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

John A. Girardi, Esquire
GIRARDI & KEESE
1126 Wilshire Boulevard
Los Angeles, California 90017
State Bar No. 54917
TELEPHONE NO.: (213) 977-0211   FAX NO. *(Optional):* (213) 481-1554
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles CA 90017
BRANCH NAME: Central

PLAINTIFF/PETITIONER: JULIUS FRIEDMAN, an individual,

DEFENDANT/RESPONDENT: ETHEX CORPORATION

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):* [X] **UNLIMITED CASE** (Amount demanded exceeds $25,000)   [ ] **LIMITED CASE** (Amount demanded is $25,000 or less) | BC416693 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date: January 13, 2010   Time: 8:30 a.m.   Dept.: 74   Div.:   Room:
Address of court *(if different from the address above):*

[ ]  **Notice of Intent to Appear by Telephone, by** *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [X]  This statement is submitted by party *(name):* Plaintiff Julius Friedman
   b. [ ]  This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* June 26, 2009
   b. [ ]  The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [X]  All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. [ ]  The following parties named in the complaint or cross-complaint
      (1) [ ]  have not been served *(specify names and explain why not):*
      (2) [ ]  have been served but have not appeared and have not been dismissed *(specify names):*
      (3) [ ]  have had a default entered against them *(specify names):*
   c. [ ]  The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in [X] complaint   [ ] cross-complaint   *(Describe, including causes of action):*
   Negligence based upon improper sizing of medication leading to adverse consequences

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2009]

**CASE MANAGEMENT STATEMENT**

Legal
Solutions
℠ Plus

Page 1 of 4
Cal. Rules of Court,
rules 3.720–3.730

**CM-110**

| PLAINTIFF/PETITIONER: JULIUS FRIEDMAN, an individual, | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ETHEX CORPORATION | BC416693 |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
The plaintiff consumed generic heart medication Isosorbide Mono. The medication inadvertently contained levels of active ingredients beyond recommended dosages. This defect in the drug was later the subject of an FDA advisory. The plaintiff subsequently was hospitalized for cardiac complaints on two occasions with long term consequence of compromise heart failure. Medical expenses are in excess of $25,000. with loss of business opportunities in excess of $100,000.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request  ☒ a jury trial  ☐ a nonjury trial.     *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
    a.  ☐  The trial has been set for *(date):*
    b.  ☒  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

    c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
    a.  ☒ days *(specify number):* 10 days
    b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial  ☒ by the attorney or party listed in the caption  ☒ by the following:
    a.  Attorney: Shawn McCann
    b.  Firm: Girardi Keese
    c.  Address: 1126 Wilshire Boulevard Los Angeles, CA 90017
    d.  Telephone number: 213/977-0211
    e.  Fax number: 213/481-1554
    f.  E-mail address:
    g.  Party represented: Plaintiff
    ☐ Additional representation is described in Attachment 8.

9.  **Preference**
    ☐  This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
    a.  Counsel  ☒ has  ☐ has not      provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
    b.  ☐  All parties have agreed to a form of ADR. ADR will be completed by *(date):*
    c.  ☐  The case has gone to an ADR process *(indicate status):*

Exhibit 13
Page 49

12-01-2010   12:17pm   From-GIRARDI     SE                             +                        T-855   P.004/007   F-282

**CM-110**

| PLAINTIFF/PETITIONER: JULIUS FRIEDMAN, an individual, | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ETHEX CORPORATION | BC416693 |

10. d.   The party or parties are willing to participate in (check all that apply):

(1) ☒ Mediation

(2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

(3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

(4) ☐ Binding judicial arbitration

(5) ☐ Binding private arbitration

(6) ☐ Neutral case evaluation

(7) ☐ Other (specify):

e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court (specify exemption):

**11. Settlement conference**

☐ The party or parties are willing to participate in an early settlement conference (specify when):

**12. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement (name):

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case (explain):

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy ☐ Other (specify):

Status:

**14. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 14a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by (name party):

**15. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action (specify moving party, type of motion, and reasons):

**16. Other motions**

☐ The party or parties expect to file the following motions before trial (specify moving party, type of motion, and issues):

CM-110 [Rev. January 1, 2009]                    **CASE MANAGEMENT STATEMENT**            Page 3 of 4

Exhibit B Page 3 of 4

Page 50

**CM-110**

| PLAINTIFF/PETITIONER: JULIUS FRIEDMAN, an individual, | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ETHEX CORPORATION | BC416693 |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified (describe all anticipated discovery):

| Party | Description | Date |
|---|---|---|
| Plaintiff | written discovery | 03/31/2010 |
| Plaintiff | depositions of defendants' person's most knowledgeable | 06/30/2010 |

c. ☐ The following discovery issues are anticipated (specify):

**18. Economic Litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):

**19. Other Issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference (specify):

**20. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court (if not, explain):

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following (specify):

**21. Total number of pages attached (if any):** _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: January 12, 2009

| John A. Girardi, Equire | ▶ | _John Nicaud_ |
|---|---|---|
| (TYPE OR PRINT NAME) | | (SIGNATURE OF PARTY OR ATTORNEY) |

| | ▶ | |
|---|---|---|
| (TYPE OR PRINT NAME) | | (SIGNATURE OF PARTY OR ATTORNEY) |

☐ Additional signatures are attached.

CM-110 [Rev. January 1, 2009]               **CASE MANAGEMENT STATEMENT**               Page 4 of 4

Exhibit B

Page 51

## PROOF OF SERVICE

### *STATE OF CALIFORNIA, COUNTY OF LOS ANGELES*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1126 Wilshire Boulevard, Los Angeles, California 90017.

On January 12, 2010, I served the foregoing document described as: CASE MANAGEMENT STATEMENT, on interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope addressed as follows:

### PLEASE SEE ATTACHED MAILING LIST

[X]     **(BY MAIL)**
[ ]     I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[X]     As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. Postal Service on that day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on January 12, 2010, at Los Angeles, California.

[X]     **(BY FAX)**

Executed on January 12, 2010, at Los Angeles, California.

[ ]     **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the office of the addressee.

Executed on _____ at Los Angeles, California.

[X]     **(STATE)**     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ]     **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at those direction the service was made.

LINDA CASTRO

00274454

CASE MANAGEMENT CONFERENCE

12-01-2010   12:18pm   From-GIRARDI &   E   +   T-855   P.007/007   F-282

1  PROOF OF SERVICE MAILING LIST JANUARY 2010
2  FRIEDMAN V. ETHEX CORPORATION
3
4  Gary M. Roberts, Esquire
5  Sonnenschein, Nath & Rosenthal, LLP
   601 South Figueroa Street, Suite 2500
6  Los Angeles California 90017
7  213/623-9300
   213/623-9924 Fax
8
9  Attorneys for Defendants: Ethex Corporation; Target Corporation
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

00274454

Exhibit B
Page 53

# EXHIBIT  2

1

**GIRARDI | KEESE**
John A. Girardi – Bar No. 54917

2

1126 Wilshire Boulevard

3

Los Angeles, California 90017
(213) 977-0211

4

5

Attorneys For: Plaintiffs

6

7

8

9

10

SUPERIOR COURT OF THE STATE OF CALIFORNIA

11

COUNTY OF LOS ANGELES

12

| | | |
|---|---|---|
| 13 | JULIUS FRIEDMAN, an individual, | ) |
| 14 | Plaintiff, | ) ) |
| 15 | | ) |
| 16 | vs. | ) ) |
| 17 | ETHEX CORPORATION, a Foreign Corporation; TARGET | ) ) |
| 18 | CORPORATION, a Foreign | ) |
| 19 | Corporation registered to do business in California; and DOES 1-25, | ) ) |
| 20 | | ) |
| 21 | Defendants. | ) ) |
| 22 | | ) |

CASE NO. BC416693

**PLAINTIFF JULIUS FRIEDMAN'S
RESPONSE TO REQUEST FOR
ADMISSIONS**

**SET NUMBER:  ONE**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*B
54*

1

**PLAINTIFF JULIUS FRIEDMAN'S RESPONSE TO REQUEST FOR ADMISSIONS, SET ONE**

1 | PROPOUNDING PARTY:          DEFENDANT, TARGET CORPORTATION

2 | RESPONDING PARTY:           PLAINTIFF, JULIUS FRIEDMAN

3 | SET NUMBER:                 ONE

4

5 | Plaintiff, JULIUS FRIEDMAN, ("Plaintiff"), hereby responds to the defendant, TARGET

6 | CORPORATION ("Defendant") Request for Admissions, Set One.

7

8 | ## PRELIMINARY STATEMENT

9 |     The responding party has not fully completed investigation of the facts, discovery, or trial preparation

10 | relating to this case. The only bases of responses contained herein are information and documents presently

11 | available to and specifically known to the responding party. The responding party anticipates that further

12 | discovery, independent investigation, legal research, and analysis will supply additional facts, add meaning to

13

14 | known facts, and establish entirely new factual conclusions and legal contentions. Additional information

15 | obtained may lead to substantial additions, changes or variations from the contentions set forth in these

16 | responses. The following interrogatory responses are given without prejudice to the responding party's right to

17

18 | produce evidence or facts subsequently obtained. If further investigation reveals additional information,

19 | responding party reserves the right to change any responses to the Request for Admissions, Set One. The

20 | responses herein are made in good faith to supply as much specific, factual information that is presently known

21 | by responding party. Responding party repudiates any prejudices resulting from these responses in relation to

22 | further discovery.

23

24 | ## RESPONSE TO REQUEST FOR ADMISSIONS

25

26 | **REQUEST FOR ADMISSION 1:**

27 |     Admit that YOU (as used in these Requests for Admissions, "YOU" and "YOUR" shall mean

28 | Plaintiff Julius Friedman, including , but not limited to, any persons acting or purporting to act on his

behalf) are resident citizen of the state of California.

2

**PLAINTIFF JULIUS FRIEDMAN'S RESPONSE TO REQUEST FOR ADMISSIONS, SET ONE**

**RESPONSE TO REQUEST FOR ADMISSION 1:**

Admit.

**REQUEST FOR ADMISSION 2:**

Admit that YOU are seeking damages in YOUR Complaint of no more than $75,000, exclusive of interest and costs.

**RESPONSE TO REQUEST FOR ADMISSION 2:**

Deny.

**REQUEST FOR ADMISSION 3:**

Admit that YOUR total damages in this case, including all compensatory, general and special damages, against Defendants Target Corporation and Ethex Corporation are no more than $75,000, exclusive of interests and costs.

**RESPONSE TO REQUEST FOR ADMISSION 3:**

Deny.

**REQUEST FOR ADMISSION 4:**

Admit that YOU will not ask a jury or the trier of fact in this case for more than $75,000, exclusive of interests and costs.

**RESPONSE TO REQUEST FOR ADMISSION 4:**

Deny.

DATED:  February 2, 2010                                    GIRARDI | KEESE


By: _____
     JOHN A. GIRARDI
     Attorney for Plaintiff

3

**PLAINTIFF JULIUS FRIEDMAN'S RESPONSE TO REQUEST FOR ADMISSIONS, SET ONE**

## VERIFICATION

**STATE OF CALIFORNIA, COUNTY OF**

I have read the foregoing _____

_____ and know its contents.

☐ **CHECK APPLICABLE PARAGRAPHS**

☐  I am a party to this action.  The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐  I am  ☐ an Officer  ☐ a partner _____  ☐ a _____ of _____

_____ a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.  ☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.  ☐ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐  I am one of the attorneys for _____ a party to this action.  Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason.  I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on _____ , at _____ , California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

JULIUS FRIEDMAN
_____               _____
Type or Print Name                                                    Signature

## PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

**STATE OF CALIFORNIA, COUNTY OF**

I am employed in the county of _____ , State of California.

I am over the age of 18 and not a party to the within action; my business address is: _____

_____

On, _____ I served the foregoing document described as _____

_____

_____ on _____ in this action

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

☐ by placing  ☐ the original  ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ **BY MAIL**

☐ *I deposited such envelope in the mail at _____ , California.
The envelope was mailed with postage thereon fully prepaid.

☐ As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on _____ , at _____ , California.

☐ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.

Executed on _____ , at _____ , California.

☐ (State)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Exhibit 13

_____               _____
Type or Print Name                                                    Signature

Page 57

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal
Solutions
Plus        Rev. 7/99

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1126 Wilshire Boulevard, Los Angeles, California 90017.

On February 3, 2010, I served the foregoing documents described as **PLAINTIFF JULIUS FRIEDMAN'S RESPONSES TO REQUEST FOR ADMISSIONS, SET ONE** on all interested parties in this action as set forth on the attached service list in the following manner:

☐    **BY MAIL:**  I am familiar with this firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    **BY FACSIMILE:**  In addition to service by mail as set forth above, a copy of said document(s) was also delivered by facsimile transmission to the addressee(s) pursuant to Code of Civil Procedure §1013(e).

☐    **BY OVERNIGHT MAIL:**  I caused said document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

☑    **BY PERSONAL SERVICE:**  By causing personal delivery of the document listed above to the person at the address set forth on the attached service list.

☐    **BY ELECTRONIC SERVICE:**  Pursuant to Court Order, I caused the above document to be sent to the listed addressee(s) in the attached service list via Verilaw e-serve.

☐    STATE        I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐    FEDERAL      I declare that I am employed in the office of the member of the bar of this court at whose direction the service was made.

Executed on February 3, 2010, at Los Angeles, California.

_____
Andreas Verrios

Exhibit _B_

Page _58_

4

**PLAINTIFF JULIUS FRIEDMAN'S RESPONSE TO REQUEST FOR ADMISSIONS, SET ONE**

PROOF OF SERVICE MAILING LIST JANUARY 2010
FRIEDMAN V. ETHEX CORPORATION


Gary M. Roberts, Esquire
Sonnenschein, Nath & Rosenthal, LLP
601 South Figueroa Street, Suite 2500
Los Angeles California 90017
213/623-9300
213/623-9924 Fax


Attorneys for Defendants: Ethex Corporation; Target Corporation

Exhibit *B*
Page 59

**PLAINTIFF JULIUS FRIEDMAN'S RESPONSE TO REQUEST FOR ADMISSIONS, SET ONE**

# EXHIBIT  3



A D&B COMPANY

# The Fastest Path to Business

COMPANIES ▪ INDUSTRIES ▪ PEOPLE



## Ethex Corporation Profile

1 Corporate Woods Dr
Bridgeton, MO 63044-3807 United States (Map)

Phone: 314-646-3750
www.ethexcorp.com

# Table of Contents

**THE BASICS** ................................................................. 1

    Key Information ............................................ 1
    Key Numbers ................................................. 1

**OFFICERS AND EMPLOYEES** ................................. 2

    Corporate Officers ....................................... 2
    Board ............................................................. 2

**OTHER RESOURCES AVAILABLE ON HOOVERS ONLINE** ................ 3

**WELCOME**

Hoover's is the business information resource that delivers a unique combination of up-to-date data, broad coverage, and comprehensive information about companies, decision makers, and industries - along with powerful tools to put this information to work for your business. Hoover's offers everything you need to successfully:

* Identify and evaluate potential sales leads, markets, and business partners

* Deepen relationships with current customers

* Assess competitive risks and eliminate threats

* Build presentation-ready reports and customized lists of companies, industries, and decision makers

Unlike other business information providers, only Hoover's has a full-time, in-house editorial and research team dedicated wholly to investigating, pinpointing, authenticating, and analyzing data to provide the most comprehensive, up-to-date information available on companies, industries, and executives.

Exhibit _B_

Page _61_

# The Basics

1 Corporate Woods Dr
Bridgeton, MO 63044-3807 United States (Map)

Phone: 314-646-3750
www.ethexcorp.com

## KEY INFORMATION

| | |
|---|---|
| DUNS Number | 615424686 |
| Company Type | Public |
| Location Type | Headquarters |
| Year of Founding or Change In Control | 1990 |
| State of Incorporation | MO |

## KEY NUMBERS

| | |
|---|---|
| Total Employees | 39 |
| Employees At This Location | 30 |

## KEY PEOPLE

| | |
|---|---|
| Catherine Biffignani | Vice-President |
| Paul Boersig | Manager |
| Laura Callahan | Manager; Associate |
| Debbie Janiga | Administrative Assistant |
| Gerald R Mitchell | Vice-President |

Exhibit *B*

Page *62*

# Officers and Employees

## CORPORATE OFFICERS

| Title | Name | Age | Salary | Bonus |
|---|---|---|---|---|
| Vice-President | Ms Catherine Biffignani | - | | |
| Manager | Mr Paul Boersig | - | | |
| Manager; Associate | Ms Laura Callahan | - | | |
| Administrative Assistant | Ms Debbie Janiga | - | | |
| Vice-President | Mr Gerald R Mitchell | - | | |
| Manager | Mr Lew Soars | - | | |
| President | Ms Patricia McColough | - | | |
| Treasurer | Mr Rich Chibnall | - | | |
| Sales Manager | Mr Thomas Henry | - | | |
| Sales Manager | Mr Mike Lupo | - | | |
| Sales Manager | Mr Jon Swanson | - | | |

## BOARD MEMBERS



Exhibit B
Page 63

# Other Resources Available on Hoovers Online

Map of Headquarters
Industry Watch
News and Press Releases for (last 90 days)
Financial Data Definitions
Market Data Definitions
Comparison Data Definitions
Historical Financials & Employees Defnitions

**The Rich Register**
Featuring information on 4,700 individuals with a net worth greater than $25 million, The Rich Register is available in
both hardcover and CD-ROM format.
Learn More

**Build Lead Lists**
 Use Hoover's Lead Finder to create prospect and contact lists.

Exhibit B
Page 64

# EXHIBIT  4



# HOOVERS™
## A D&B COMPANY
## The Fastest Path to Business
COMPANIES ■ INDUSTRIES ■ PEOPLE



## Target Corporation Profile

1000 Nicollet Mall
Minneapolis, MN 55403 United States (Map)

Phone: 612-304-6073
Fax: 612-696-5400
http://www.target.com

# Table of Contents

**THE BASICS** .................................................... 1

    Key Information ................................................ 1
    Key Numbers ................................................... 1
    Rankings/Stock Indexes ................................... 1

**OVERVIEW** ..................................................... 2

**HISTORY** ....................................................... 4

**INDUSTRY INFORMATION** ................................. 6

**OFFICERS AND EMPLOYEES** .............................. 7

    Corporate Officers ........................................... 7
    Board ............................................................. 8

**BIOGRAPHIES** ................................................. 9

    Douglas A. Scovanner ....................................... 9
    Michael R. Francis ........................................... 9
    Gregg W. Steinhafel ......................................... 9
    John D. Griffith .............................................. 10
    Jodeen A. Kozlak ........................................... 10
    Kathryn A. (Kathee) Tesija ............................. 10
    Timothy R. Baer ............................................ 10
    Laysha Ward .................................................. 11
    Terrence J. Scully ........................................... 11
    Roxanne S. Austin .......................................... 11
    Calvin (Cal) Darden ....................................... 12

**SIGNIFICANT DEVELOPMENTS** ......................... 13

**COMPETITORS** ............................................... 14

    Top Competitors ............................................ 14
    All Competitors ............................................. 14

**PRODUCTS AND OPERATIONS** .......................... 15

**COMPANY FINANCIALS** .................................... 18

    Financial Overview ......................................... 18
    Annual Income Statement ............................... 18
    Quarterly Income Statement ........................... 18
    Annual Balance Sheet .................................... 19
    Quarterly Balance Sheet ................................. 20
    Annual Cash Flow .......................................... 21
    Quarterly Cash Flow ...................................... 21
    Historical Financials ...................................... 21

**WELCOME**

Hoover's is the business information resource that delivers a unique combination of up-to-date data, broad coverage, and comprehensive information about companies, decision makers, and industries - along with powerful tools to put this information to work for your business. Hoover's offers everything you need to successfully:

\* Identify and evaluate potential sales leads, markets, and business partners

\* Deepen relationships with current customers

\* Assess competitive risks and eliminate threats

\* Build presentation-ready reports and customized lists of companies, industries, and decision makers

Unlike other business information providers, only Hoover's has a full-time, in-house editorial and research team dedicated wholly to investigating, pinpointing, authenticating, and analyzing data to provide the most comprehensive, up-to-date information available on companies, industries, and executives.



Exhibit

Page

Market Data .................................................................... 22

Comparison Data ........................................................... 23

Competitve Landscape ................................................. 24

OTHER RESOURCES AVAILABLE ON HOOVERS ONLINE ............. 28

Exhibit B
Page 67

# The Basics

1000 Nicollet Mall
Minneapolis, MN 55403 United States (Map)

Phone: 612-304-6073
Fax: 612-696-5400
http://www.target.com

Purveyor of all that is cheap, yet chic, fast-growing Target Corporation has bulked up by slimming down. The nation's #2 discount chain (behind Wal-Mart) now operates about 1,700 Target and SuperTarget stores in 48 states, as well as an online business called Target.com. Target and its larger grocery-carrying incarnation, SuperTarget, have carved out a niche by offering more upscale, fashion-forward merchandise than rivals Wal-Mart and Kmart. After years of struggling to turn around its Marshall Field's and Mervyns department stores divisions, the discounter sold them both in 2004. Target also owns apparel supplier The Associated Merchandising Corp. and issues Target Visa and its proprietary Target Card.

## KEY INFORMATION

| | |
|---|---|
| DUNS Number | 006961700 |
| Doing Business As | Supertarget |
| Company Type | Public - NYSE: TGT |
| Location Type | Headquarters |
| Year of Founding or Change In Control | 1902 |

## KEY NUMBERS

| | |
|---|---|
| Fiscal Year-End | January |
| Sales (mil.) | $64,948.0 |
| 1-Year Sales Growth | 2.5% |
| Net Income | $2,214.0 |
| 1-Year Net Income Growth | (22.3%) |
| Total Employees | 351,000 |
| 1-Year Employee Growth | (4.1%) |
| Employees At This Location | 200 |

## RANKINGS/STOCK INDEXES

#28 in FORTUNE 500
#160 in FT Global 500
S&P 500

## KEY PEOPLE

| | |
|---|---|
| Gregg W. Steinhafel | Chairman, President, and CEO |
| Douglas A. Scovanner | EVP and CFO |
| Beth M Jacob | SVP Technology Services and CIO |
| Michael R. Francis | EVP and Chief Marketing Officer |
| John D. Griffith | EVP Property Development |



Exhibit B
Page 68



# Overview

Purveyor of all that is cheap, yet chic, fast-growing Target Corporation has bulked up by slimming down. The nation's #2 discount chain (behind Wal-Mart) now operates about 1,700 Target and SuperTarget stores in 48 states, as well as an online business called Target.com. Target and its larger grocery-carrying incarnation, SuperTarget, have carved out a niche by offering more upscale, fashion-forward merchandise than rivals Wal-Mart and Kmart. After years of struggling to turn around its Marshall Field's and Mervyns department stores divisions, the discounter sold them both in 2004. Target also owns apparel supplier The Associated Merchandising Corp. and issues Target Visa and its proprietary Target Card.

Historically a stellar performer in the retail arena, Target has missed the bulls eye of late, posting slower sales and earnings growth than investors have come to expect. Indeed, sales of apparel and home furnishings and decor (historically strong suits for Target) are down, while electronics, entertainment, sporting goods and toys are flat. But sales of consumables and commodities rose 3% in 2008 as cash-strapped consumers stuck to the basics. To capitalize on the new frugality, Target is taking a page from archrival Wal-Mart's playbook and opening new formats that devote more space to food, especially its house brands Archer Farms and Market Pantry, and other household basics. Target is also turning up the volume on its low-price message as it confronts Wal-Mart more directly in 2009. To that end, in March it launched a "Price Match Pilot Program" in select markets that could be rolled out to all Target stores by the fall. Under the terms of the program, Target pledges to match a competitor's price when a customer presents a current ad with a lower price.

Until its recent reversal, Target had successfully distinguished itself from other discounters by employing a strategy that relied on exclusive private-label offerings from big name designers. Target launched its Go International program; limited-edition collections from global designers including, most recently, the Iranian-born designer Behnaz Sarafpour. Previous Go collections were produced by the UK's Luella Bartley, Tara Jarmon, and Paul & Joe. Target's most high-profile partnership was with fashion designer Isaac Mizrahi, who joined the discounter's stable of in-house talent in mid-2003. Mizrahi rang up as much as $300 million each year for Target and helped the chain become a destination for cheap-chic apparel. The partnership ended at the end of 2008 when Mizrahi moved to Liz Claiborne, leaving Target to face the challenge of finding a replacement.

Other designers with exclusive lines at Target include Amy Coe (children's bedding and accessories), Liz Lange (maternity), Mossimo (junior fashions), and the architect Michael Graves (housewares).

Despite its sagging fortunes, Target opened about 90 new stores in 2008, including its first in Alaska. The company plans to continue opening stores -- including its first outlets in Hawaii and Vermont -- over the next several years, bringing Target's store count to about 2,000 stores by 2011, thereby establishing a retail presence in all 50 US states. Target is testing two new store prototypes designed to be larger and "greener" than existing Target stores. Both formats devote more space to food and electronics. The company plans to roll out more than 100 of the newly-designed stores beginning in 2009.

Target's credit card business has also been negatively impacted by cutbacks in consumer spending and the inability of some card holders to pay back what they owe. Indeed, Target's bad debt expense more than doubled in 2008.

Target's online division, Target.com, is growing at a slightly faster rate than its in-store sales. To give it more control over this part of its business, Target announced in late 2009 that it plans to build its own retail Web site by the 2011 holiday season, essentially ending its relationship with e-commerce provider Amazon.com. To support its growth, Target operates more than 30 distribution centers, five import warehouses, and one Target.com fulfillment center.

The retailer's business-to-business subsidiary -- Target Commercial Interiors -- operates about a half-dozen showrooms in Illinois, Minnesota, and Wisconsin that provide products and services for office environments. The interior design company, whose clients include some of America's largest companies, is attempting to expand its business by reaching out to small and mid-size companies.

Exhibit 12
Page 69

In May 2008 Bob Ulrich, who had been chairman and CEO since 1994, handed his CEO title to president Gregg Steinhafel. Steinhafel, who joined the retailer in 1979 and worked his way up the ranks, added the chairman's title in early 2009 following Ulrich's retirement from Target's board of directors. Soon after ascending to the chairman's seat, Steinhafel successfully fended off a vigorous and expensive proxy contest waged by the activist investor William Ackman of Pershing Square Capital Management. Ackman, whose hedge fund -- at the time -- owned more than $1 billion in Target stock, was seeking representation on the company's board, including a spot for himself and several other directors. However, shareholders elected Target's slate of incumbent directors at the annual meeting in May 2009. In August Pershing Square reduced its stake in Target to just about 4% from nearly 8%.

Case 2:10-cv-01042-GAF -JEM   Document 1   Filed 02/11/10   Page 78 of 105   Page ID #:78

# History

The panic of 1873 left Joseph Hudson bankrupt. After he paid his debts at 60 cents on the dollar, he saved enough to open a men's clothing store in Detroit in 1881. Among his innovations were merchandise-return privileges and price marking in place of bargaining. By 1891 Hudson's was the largest retailer of men's clothing in the US. Hudson repaid his creditors from 1873 in full, with interest. When Hudson died in 1912, four nephews expanded the business.

Former banker George Dayton established a dry-goods store in 1902 in Minneapolis. Like Hudson, he offered return privileges and liberal credit. His store grew to a 12-story, full-line department store.

After WWII both companies saw that the future lay in the suburbs. In 1954 Hudson's built Northland in Detroit, then the largest US shopping center. Dayton's built the world's first fully enclosed shopping mall in Edina, a Minneapolis suburb, in 1956. In 1962 Dayton's opened its first discount store in Roseville (naming the store Target to distinguish the discounter from its higher-end department stores).

Dayton's went public in 1966, the same year it began the B. Dalton bookstore chain. Three years later it merged with the family-owned Hudson's, forming Dayton Hudson. Dayton Hudson purchased more malls and invested in such specialty areas as consumer electronics and hard goods. Target had 24 stores by 1970.

The Target chain became the company's top moneymaker in 1977. The next year Dayton Hudson bought California-based Mervyn's (now Mervyns). In the late 1970s and 1980s, it sold nine regional malls and several other businesses, including the 800-store B. Dalton chain to Barnes & Noble. The Target stores division purchased Indianapolis-based Ayr-Way (1980) and Southern California-based Fedmart stores (1983). In the late 1980s Dayton Hudson took Target to Los Angeles and the Northwest. Robert Ulrich, who began with the company as a merchandise trainee in 1967, became president and CEO of the Target stores division in 1987 and chairman and CEO of Dayton Hudson in 1994.

Dayton Hudson opened the first Target Greatland store in 1990. By this time it had 420 Target stores. Also that year Dayton Hudson bought the Marshall Field's chain of 24 department stores from B.A.T Industries. Marshall Field's began as a dry-goods business that Marshall Field bought in 1865 and subsequently built into Chicago's premier upscale retailer.

SuperTarget stores were introduced in 1995. The Target stores division opened stores in the Mid-Atlantic and Northeast the next year, while the department store division began selling off its Marshall Field's locations in Texas.

In 1998 Dayton Hudson boosted its Internet presence by purchasing direct-marketing company Rivertown Trading; it also bought apparel supplier Associated Merchandising that year. In 2000 Dayton Hudson renamed itself Target Corporation. In early 2001 the company renamed its Dayton's and Hudson's chains Marshall Field's. Also that year Target acquired the rights to 35 former Montgomery Wards stores from the bankrupt retailer.

The nation's #2 discounter was #1 when it came to corporate giving in 2001. Target topped the *Forbes* list of America's Most Philanthropic Companies that year, donating 2.5% of its 2000 income (nearly $86 million). By comparison, Wal-Mart gave away $116.5 million in 2001, less than 1% of its income in 2000.

In 2002 the company reopened 30 of the former Montgomery Ward stores as Target outlets. Net of closings, 94 Target stores opened in 2002, while neither Mervyns nor Marshall Field's added to their store counts. In March 2003 three new SuperTarget stores opened in the Dallas/Fort Worth area.

**HOOVERS**  A DCB COMPANY   call: **1-866-541-3770**  |  visit: **www.hoovers.com**     October  2009     Exhibit B   Page 71 | 4

2004 was a year of divestments for Target. In January the discounter announced it was exiting the catalog business. To that end, in April Target sold its Signals and Wireless gifts catalogs to Universal Screen Arts for an undisclosed sum. In July Target sold its Marshall Field's business to The May Department Stores Co. for about $3.2 billion in cash. In September Target completed the sale of 257 Mervyns stores in 13 states to an investment group that includes Cerberus Capital Management, Lubert-Adler/Klaff and Partners, and Sun Capital Partners, as well as its Mervyns credit card receivables to GE Consumer Finance for a combined sum of approximately $1.65 billion in cash.

In October 2005 vice chairman Gerald Storch resigned unexpectedly after more than a dozen years with the company. No reason was given for his departure. In the largest mass opening in Target's history, the retailer opened 60 new stores on October 9.

In July 2006 Target.com extended its partnership with Amazon Enterprise Solutions, a unit of online retailer Amazon.com, through August 2010. Amazon provides e-commerce technology to the discount chain.

In May 2008 Ulrich, who served as chairman and CEO since 1994, handed his CEO title to president Gregg Steinhafel. (Steinhafel joined the retailer in 1979 and worked his way up the executive ranks.) Also in May Target closed on the sale of a 47% stake in its credit-card receivable to JPMorgan Chase for $3.6 billion. The five-year deal allows Target to buy back the stake at the end of the term. In October the company opened a pair of stores in Alaska, thereby expanding its retail presence to 48 states. In November Target said no thanks to a plan Ackman had proposed for Target to spin off its real estate holdings in a bid to increase shareholder value, citing uncertainty about valuation assumptions and the potential reduction in financial flexibility as a result of spin off.

Ulrich retired from the board in January 2009 and Steinhafel added the chairman's title to his job description.

# Industry Information

## First Research Industry Profiles

- Consumer Finance
- Discount Stores **(primary)**
- Drugstores
- Finance and Insurance Sector
- Grocery Stores and Supermarkets
- Internet and Catalog Retailers
- Retail Sector
- Warehouse Clubs and Superstores

## Hoover's Industries

- Construction
  - Construction & Design Services
- Financial Services
  - Lending
    - Credit Cards
- Retail
  - Nonstore Retail
    - Internet Retail
  - Grocery Retail
  - Drug Stores & Pharmacies
  - Discount & Variety Retail **(primary)**
    - Warehouse Clubs & Superstores
  - Apparel & Accessories Retail
    - Footwear & Related Products Retail

## Primary SIC Code

5311: Department stores

## Primary NAICS Code

452112: Discount Department Stores

# Officers and Employees

## CORPORATE OFFICERS

| Title | Name | Age | Salary | Bonus |
|---|---|---|---|---|
| Chairman, President, and CEO | Mr. Gregg W. Steinhafel | 53 | $1,235,769 | $447,680 |
| EVP and CFO | Mr. Douglas A. Scovanner | 53 | $915,961 | $270,203 |
| SVP Technology Services and CIO | Ms. Beth M Jacob | - | | |
| EVP and Chief Marketing Officer | Mr. Michael R. Francis | 46 | $710,769 | $231,558 |
| EVP Property Development | Mr. John D. Griffith | 47 | $598,077 | $198,742 |
| EVP Human Resources | Ms. Jodeen A. Kozlak | 45 | | |
| EVP, Stores | Mr. Troy H. Risch | 41 | | |
| EVP Target Sourcing Services, Global Operations | Ms. Ellen Tansey | - | | |
| EVP Merchandising | Ms. Kathryn A. (Kathee) Tesija | 46 | | |
| SVP Apparel Merchandising | Ms. Patricia Adams | - | | |
| EVP, General Counsel, and Corporate Secretary | Mr. Timothy R. Baer | 48 | | |
| SVP Target Sourcing Services, Regions I and II - Europe, India Sub-Continent, and Latin America | Ms. Carmela Batacchi | - | | |
| SVP Region I, Northwest | Mr. Bryan Berg | - | | |
| SVP Grocery Merchandising | Mr. Gregory J. (Greg) Duppler | - | | |
| SVP Marketing | Ms. Karen Gershman | - | | |
| SVP Target Sourcing Services, Compliance and Production Services | P. Jagannath | - | | |
| SVP Region IV, Northeast | Mr. Derek L. Jenkins | - | | |
| SVP Health and Beauty Merchandising | Ms. Keri Jones | - | | |
| SVP Communications | Ms. Susan D. Kahn | - | | |
| SVP Region III, Southeast | Mr. Sid Keswani | - | | |
| SVP Merchandise Planning | Mr. Richard N. Maguire | - | | |
| SVP Target Sourcing Services | Ms. Annette Miller | - | | |
| SVP Real Estate | Mr. Scott Nelson | - | | |
| SVP Region II, Southeast | Ms. Tina M. Schiel | - | | |
| SVP Hardlines Merchandising | Mr. Mark Schindele | - | | |
| SVP Home Merchandising | Ms. Gina Sprenger | - | | |
| SVP Distribution | Mr. Mitchell L. (Mitch) Stover | - | | |
| SVP Store Design | Mr. Rich Varda | - | | |
| SVP Finance | Ms. Jane P. Windmeier | - | | |
| VP Government Affairs | Mr. Nathan K. (Nate) Garvis | - | | |
| VP and Treasurer | Mr. Corey L. Haaland | - | | |
| President and Managing Director, Target India | Lalit Ahuja | - | | |
| President, Target Sourcing Services | Ms. Stacia J. Anderson | - | | |
| President, Target.com | Mr. Steve Eastman | - | | |
| President, Target Financial Services | Mr. Terrence J. Scully | 56 | | |
| President, Community Relations and Target Foundation | Ms. Laysha Ward | 41 | | |
| Marketing Producer | Ms. Sarah Benson | - | | |



## BOARD MEMBERS

| Title | Name | Age |
|---|---|---|
| Chairman, President, and CEO | Mr. Gregg W. Steinhafel | 53 |
| Director | Ms. Roxanne S. Austin | 48 |
| Director | Mr. Calvin (Cal) Darden | 59 |
| Director | Ms. Mary N. Dillon | 47 |
| Director | Mr. James A. Johnson | 65 |
| Director | Mr. Richard M. (Dick) Kovacevich | 65 |
| Director | Ms. Mary E. Minnick | 50 |
| Director | Ms. Anne M. Mulcahy | 56 |
| Director | Mr. Derica W. Rice | 44 |
| Director | Mr. Stephen W. (Steve) Sanger | 63 |
| Director | Mr. George W. Tamke | 61 |
| Director | Mr. Solomon D. (Sol) Trujillo | 57 |

Exhibit B
Page 75



# Biographies

## BIOGRAPHIES

### Douglas A. Scovanner, Age 53
Title held since 2007: EVP and CFO

#### Current Company Affiliations

| Company | Title | Salary | Bonus |
|---|---|---|---|
| TCF Financial Corporation | Director | - | - |
| Target Receivables Corporation | President and Director | - | - |

#### Biography
Executive Vice President and Chief Financial Officer since February 2000.

Source: 10K, March 15, 2007

### Michael R. Francis, Age 46
Title held since 2008: EVP and Chief Marketing Officer

#### Current Company Affiliations

| Company | Title | Salary | Bonus |
|---|---|---|---|
| Piper Jaffray Companies | Director | - | - |

#### Past Company Affiliations

| Company | Title | Salary | Bonus |
|---|---|---|---|
| Lenox Corporation | Director | - | - |

#### Biography
As executive vice president and chief marketing officer, Francis is responsible for all marketing functions, as well as strategy and research, community relations and Target.com. Francis serves on the boards of the Smithsonian Institution's National Board, Cooper-Hewitt National Design Museum, Walker Art Center, and The Minneapolis Institute of Arts. He is also a director of Piper Jaffray Companies (NYSE: PJC). .

Source: Company Press Release, August 27, 2008

### Gregg W. Steinhafel, Age 53
Title held since 2009: Chairman, President, and CEO

#### Current Company Affiliations

| Company | Title | Salary | Bonus |
|---|---|---|---|
| The Toro Company | Director | - | - |
| Retail Industry Leaders Association | Second Vice Chairman | - | - |

#### Biography
Gregg W. Steinhafel is Chairman of the Board, Chief Executive Officer and President of Target. He has been Chief Executive Officer since May 2008 and President since August 1999. He became Chairman on February 1, 2009. He began

his career at Target as a merchandising trainee in 1979. Since that time, he has held various management positions with Target. He is also a director of The Toro Co.

Source: Company Web Site, 2009

## John D. Griffith, Age 47
Title held since 2008: EVP Property Development

**Biography**
Executive Vice President, Property Development since February 2005. Senior Vice President, Property Development from February 2000 to January 2005.

Source: 10K, March 15, 2007

## Jodeen A. Kozlak, Age 45
Title held since 2007: EVP Human Resources

**Biography**
Executive Vice President, Human Resources since March 2007. Senior Vice President, Human Resources from February 2006 to March 2007. Vice President, Human Resources and Employee Relations General Counsel from November 2005 to February 2006. From June 2001 to November 2005 Ms. Kozlak held several positions in Employee Relations at Target.

Source: 10K, March 15, 2007

## Kathryn A. (Kathee) Tesija, Age 46
Title held since 2008: EVP Merchandising

**Biography**
Kathee Tesija began her career at Target Corporation in 1986 as a Merchandise Analyst and held a variety of positions within Target's merchandising organization. In 2001, she was named Senior Vice President, Merchandising with responsibility for Baby, Beauty, Commodities, Electronics, Entertainment, Health and Wellness, Pharmacy, Sporting Goods, and Toys. As Executive Vice President of Merchandising, Tesija will oversee all merchandising functions including product design and development, inventory management, and merchandising systems, presentation and operations.

Source: Company Press Release, April 7, 2008

## Timothy R. Baer, Age 48
Title held since 2009: EVP, General Counsel, and Corporate Secretary

**Biography**
Executive Vice President, General Counsel and Corporate Secretary since March 2007. Senior Vice President, General Counsel and Corporate Secretary from June 2004 to March 2007. Senior Vice President from April 2004 to May 2004. Vice President from February 2002 to March 2004.

Source: 10K, March 15, 2007

Exhibit *B*
Page *77*

## Laysha Ward, Age 41
Title held since 2008: President, Community Relations and Target Foundation

### Biography
Ward began her career at Target Corporation in 1991 as stores sales leader for Dayton's department store and was named vice president of Community Relations and Target Foundation in 2003. As president of Community Relations and Target Foundation, Ward will continue to oversee Target's domestic and international grant making, community sponsorships, cause marketing initiatives and other civic activities. Ward also will continue to lead Target's volunteerism efforts, encouraging and providing opportunities for more than 350,000 team members to give thousands of volunteer hours every year. The U. S. Senate recently confirmed President Bush's nomination of Ward to serve on the board of directors of the Corporation for National and Community Service, the nation's largest grant maker for volunteering and service. In addition, Ward serves on the boards of the Executive Leadership Council, a national membership organization for African-American executives and the Tiger Woods Learning Center, an education facility located in Southern California. She is a member of The Links, an international women's service organization, and of Alpha Kappa Alpha Sorority.

Source: Company Press Release, August 1, 2008

## Terrence J. Scully, Age 56
Title held since 2003: President, Target Financial Services

### Current Company Affiliations

| Company | Title | Salary | Bonus |
|---|---|---|---|
| Target Receivables Corporation | VP and Director | - | - |

### Biography
President, Target Financial Services since March 2003. Vice President, Target Financial Services, from April 1998 to February 2003.

Source: 10K, March 15, 2007

## Roxanne S. Austin, Age 48
Title: Director

### Current Company Affiliations

| Company | Title | Salary | Bonus |
|---|---|---|---|
| Abbott Laboratories | Director | - | - |
| Telefonaktiebolaget LM Ericsson | Director | - | - |
| Teledyne Technologies Incorporated | Director | - | - |

### Past Company Affiliations

| Company | Title | Salary | Bonus |
|---|---|---|---|
| The DIRECTV Group, Inc. | EVP; President and COO, DIRECTV | - | - |
| PanAmSat Holding Corporation | Director | | - |

Exhibit B
Page 78

## Biography

Roxanne S. Austin is President of Austin Investment Advisors, a private investment and consulting firm, a position she has held since January 2004. She is a director of Abbott Laboratories, Teledyne Technologies Incorporated and LM Ericsson Telephone Company.

Source: Company Web Site, 2009

## Calvin (Cal) Darden, Age 59
Title: Director

### Current Company Affiliations

| Company | Title | Salary | Bonus |
|---|---|---|---|
| Coca-Cola Enterprises Inc. | Director | - | - |
| Cardinal Health, Inc. | Director | - | - |

### Past Company Affiliations

| Company | Title | Salary | Bonus |
|---|---|---|---|
| United Parcel Service, Inc. | SVP, US Operations and Director | 435,600.00 | 184,448.00 |

## Biography

Calvin Darden is Chairman of the Atlanta Beltline, Inc., an urban revitalization project for the City of Atlanta, a position he has held since February 2006. He previously served as Senior Vice President of U.S. Operations of United Parcel Service of America, Inc., an express carrier and package delivery company, until his retirement in February 2005. He joined UPS in 1971 and held various operational and managerial positions throughout his career with UPS. He is a director of Coca-Cola Enterprises, Inc. and Cardinal Health Corp.

Source: Company Web Site, 2009

# Significant Developments

| Date | Event | Details |
|---|---|---|
| 2008-05-01 | Top Executive Change | Gregg W. Steinhafel succeeded Robert J. Ulrich, who remained chairman. |
| 2008-01-09 | Top Executive Change | The company announced that Gregg W. Steinhafel will succeed the retiring Robert J. Ulrich on 05/01/2008; Ulrich will remain chairman. |

# Competitors

## TOP COMPETITORS

- Costco Wholesale
- Kmart
- Wal-Mart

## ALL COMPETITORS

- Bed Bath & Beyond
- Best Buy
- Burnes Home Accents
- Container Store
- Costco Wholesale
- CVS Caremark
- Dillard's
- Dollar General
- eBay
- Euromarket Designs
- Foot Locker
- The Gap
- Home Depot
- J. C. Penney Company
- Kmart
- Kohl's
- Kroger
- Limited Brands
- Macy's
- PETCO
- Ross Stores
- Sears
- SUPERVALU
- TJX Companies
- Toys "R" Us
- Walgreen
- Wal-Mart
- Williams-Sonoma

# Products and Operations

**2009 Locations**

| | No. |
|---|---|
| California | 236 |
| Texas | 143 |
| Florida | 122 |
| Illinois | 85 |
| Minnesota | 73 |
| Ohio | 63 |
| New York | 62 |
| Michigan | 60 |
| Virginia | 55 |
| Georgia | 54 |
| Pennsylvania | 51 |
| North Carolina | 47 |
| Arizona | 48 |
| Colorado | 41 |
| New Jersey | 42 |
| Washington | 35 |
| Wisconsin | 35 |
| Missouri | 35 |
| Indiana | 33 |
| Maryland | 36 |
| Massachusetts | 31 |
| Tennessee | 31 |
| Iowa | 21 |
| Alabama | 19 |
| Kansas | 19 |
| Oregon | 18 |
| South Carolina | 18 |
| Connecticut | 19 |
| Nevada | 16 |
| Nebraska | 14 |
| Louisiana | 14 |
| Kentucky | 12 |
| Oklahoma | 12 |
| Utah | 11 |
| New Mexico | 9 |
| New Hampshire | 8 |
| Montana | 7 |
| Arkansas | 7 |
| Idaho | 6 |
| West Virginia | 5 |
| Maine | 5 |
| Mississippi | 5 |

 

### 2009 Locations

|  | No. |
|---|---|
| North Dakota | 4 |
| South Dakota | 4 |
| Rhode Island | 4 |
| Alaska | 2 |
| Delaware | 2 |
| Wyoming | 2 |
| District of Columbia | 1 |
| Total | 1,682 |

### 2009 Sales

|  | % of total |
|---|---|
| Consumables & commodities | 37 |
| Electronics, entertainment, sporting goods & toys | 22 |
| Home furnishings & décor | 21 |
| Apparel & accessories | 20 |
| Total | 100 |

### 2009 Stores

|  | No. |
|---|---|
| Target | 1,443 |
| SuperTarget | 239 |
| Total | 1,682 |

**Selected Designer Private Labels**

- Amy Coe (children's bedding and accessories)
- Liz Lange (maternity)
- Michael Graves Design (housewares)
- Mossimo (junior fashions)
- Sonia Kashuk (cosmetics and fragrances)
- Todd Oldham (bedding and furniture)

**Selected Private Labels**

- Archer Farms (food)
- Cherokee (apparel)
- Choxie (candy)
- Furio (housewares)
- Honors (apparel)
- In Due Time (maternity wear)



- Market Pantry
- Merona (apparel)
- Nick & Nora (apparel)
- Playwonder (toys)
- Utility (apparel)
- Xhilaration (apparel)

**Store Formats**

- SuperTarget (groceries and general merchandise)
- Target (upscale discount stores)

**Other Operations**

- Associated Merchandising Corporation (apparel sourcing for department stores)
- Rivertown Trading (catalogs and e-commerce)
  - Britannia (British video and gifts)
  - I Love A Deal (apparel, housewares, and jewelry)
  - Seasons (traditional)
- Target Capital Corp.
- Target Commercial Interiors
- Target Receivables Corp.

# Company Financials

## FINANCIAL OVERVIEW

| | |
|---|---|
| Company Type | Public - NYSE: <u>TGT</u> |
| Location Type | Headquarters |
| Fiscal Year-End | January |
| Financial Filings | <u>SEC</u> |
| 2009 Sales (mil.) | $64,948.0 |
| 1-Year Sales Growth | 2.5% |
| 2009 Net Income (mil.) | $2,214.0 |
| 1-Year Net Income Growth | (22.3%) |
| Auditor | Ernst & Young LLP |

## ANNUAL INCOME STATEMENT

All amounts in millions of US Dollars unless otherwise noted.

| | Jan 2009 | Jan 2008 | Jan 2007 |
|---|---|---|---|
| Revenue | 64,948.0 | 63,367.0 | 59,490.0 |
| Cost of Goods Sold | 45,766.0 | 41,895.0 | 39,399.0 |
| Gross Profit | 19,182.0 | 21,472.0 | 20,091.0 |
| Gross Profit Margin | 29.5% | 33.9% | 33.8% |
| SG&A Expense | 12,954.0 | 13,704.0 | 12,819.0 |
| Depreciation and Amortization | 1,826.0 | 1,659.0 | 1,496.0 |
| Operating Income | 4,430.0 | 5,272.0 | 5,069.0 |
| Operating Margin | 6.8% | 8.3% | 8.5% |
| Nonoperating Income | 0.0 | (1,294.0) | 0.0 |
| Nonoperating Expenses | (866.0) | 647.0 | -- |
| Income Before Taxes | 3,536.0 | 4,625.0 | 4,497.0 |
| Income Taxes | 1,322.0 | 1,776.0 | 1,710.0 |
| Net Income After Taxes | 2,214.0 | 2,849.0 | 2,787.0 |
| | | | |
| Continuing Operations | 2,214.0 | 2,849.0 | 2,787.0 |
| Discontinued Operations | -- | -- | 0.0 |
| Total Operations | 2,214.0 | 2,849.0 | 2,787.0 |
| Total Net Income | 2,214.0 | 2,849.0 | 2,787.0 |
| Net Profit Margin | 3.4% | 4.5% | 4.7% |
| | | | |
| Diluted EPS from Continuing Operations ($) | 2.86 | 3.33 | 3.21 |
| Diluted EPS from Discontinued Operations ($) | -- | -- | 0.00 |
| Diluted EPS from Total Operations ($) | 2.86 | 3.33 | 3.21 |
| Diluted EPS from Total Net Income ($) | 2.86 | 3.33 | 3.21 |
| Dividends per Share | 0.44 | 0.52 | 0.44 |

## QUARTERLY INCOME STATEMENT

All amounts in millions of US Dollars unless otherwise noted.





| | Quarter Ending Jul 2009 | Quarter Ending Apr 2009 | Quarter Ending Apr 2009 | Quarter Ending Jan 2009 | Quarter Ending Oct 2008 |
|---|---|---|---|---|---|
| Revenue | 15,067.0 | 14,833.0 | 14,833.0 | 19,560.0 | 15,114.0 |
| Cost of Goods Sold | 10,302.0 | 10,320.0 | 10,320.0 | 14,411.0 | 10,533.0 |
| Gross Profit | 4,765.0 | 4,513.0 | 4,513.0 | 5,149.0 | 4,581.0 |
| Gross Profit Margin | 31.6% | 30.4% | 30.4% | 26.3% | 30.3% |
| SG&A Expense | 3,136.0 | 3,015.0 | 3,015.0 | 3,518.0 | 3,245.0 |
| Depreciation and Amortization | 478.0 | 472.0 | 472.0 | 474.0 | 469.0 |
| Operating Income | 1,152.0 | 1,027.0 | 1,027.0 | 1,161.0 | 873.0 |
| Operating Margin | 7.6% | 6.9% | 6.9% | 5.9% | 5.8% |
| Nonoperating Income | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 |
| Nonoperating Expenses | (194.0) | (202.0) | (202.0) | (214.0) | (234.0) |
| Income Before Taxes | 957.0 | 824.0 | 824.0 | 943.0 | 633.0 |
| Income Taxes | 363.0 | 302.0 | 302.0 | 334.0 | 264.0 |
| Net Income After Taxes | 594.0 | 522.0 | 522.0 | 609.0 | 369.0 |
| | | | | | |
| Continuing Operations | 594.0 | 522.0 | 522.0 | 609.0 | 369.0 |
| Discontinued Operations | -- | -- | -- | -- | -- |
| Total Operations | 594.0 | 522.0 | 522.0 | 609.0 | 369.0 |
| Total Net Income | 594.0 | 522.0 | 522.0 | 609.0 | 369.0 |
| Net Profit Margin | 3.9% | 3.5% | 3.5% | 3.1% | 2.4% |
| | | | | | |
| Diluted EPS from Continuing Operations ($) | 0.79 | 0.69 | 0.69 | 0.80 | 0.49 |
| Diluted EPS from Discontinued Operations ($) | -- | -- | -- | -- | -- |
| Diluted EPS from Total Operations ($) | 0.79 | 0.69 | 0.69 | 0.80 | 0.49 |
| Diluted EPS from Total Net Income ($) | 0.79 | 0.69 | 0.69 | 0.80 | 0.49 |
| Dividends per Share | 0.16 | 0.16 | 0.16 | 0.00 | 0.16 |

## ANNUAL BALANCE SHEET

All amounts in millions of US Dollars unless otherwise noted.

| Assets | Jan 2009 | Jan 2008 | Jan 2007 |
|---|---|---|---|
| Current Assets | | | |
| Cash | 864.0 | 2,450.0 | 813.0 |
| Net Receivables | 8,753.0 | 8,054.0 | 6,194.0 |
| Inventories | 6,705.0 | 6,780.0 | 6,254.0 |
| Other Current Assets | 1,166.0 | 1,622.0 | 1,445.0 |
| Total Current Assets | 17,488.0 | 18,906.0 | 14,706.0 |
| Net Fixed Assets | 25,756.0 | 24,095.0 | 21,431.0 |
| Other Noncurrent Assets | 862.0 | 1,559.0 | 1,212.0 |
| Total Assets | 44,106.0 | 44,560.0 | 37,349.0 |

| Liabilities and Shareholder's Equity | Jan 2009 | Jan 2008 | Jan 2007 |
|---|---|---|---|
| Current Liabilities | | | |
| Accounts Payable | 6,337.0 | 6,721.0 | 6,575.0 |

| Liabilities and Shareholder's Equity | Jan 2009 | Jan 2008 | Jan 2007 |
|---|---|---|---|
| **Current Liabilities** | | | |
| **Short-Term Debt** | 1,262.0 | 1,964.0 | 1,362.0 |
| **Other Current Liabilities** | 2,913.0 | 3,097.0 | 3,180.0 |
| **Total Current Liabilities** | 10,512.0 | 11,782.0 | 11,117.0 |
| **Long-Term Debt** | 17,490.0 | 15,126.0 | 8,675.0 |
| **Other Noncurrent Liabilities** | 2,392.0 | 2,345.0 | 1,924.0 |
| **Total Liabilities** | 30,394.0 | 29,253.0 | 21,716.0 |

| Shareholder's Equity | Jan 2009 | Jan 2008 | Jan 2007 |
|---|---|---|---|
| **Preferred Stock Equity** | -- | -- | -- |
| **Common Stock Equity** | 13,712.0 | 15,307.0 | 15,633.0 |
| **Total Equity** | 13,712.0 | 15,307.0 | 15,633.0 |
| **Shares Outstanding (mil.)** | 751.9 | 751.9 | 751.9 |

## QUARTERLY BALANCE SHEET

All amounts in millions of US Dollars unless otherwise noted.

| Assets | Quarter Ending Jul 2009 | Quarter Ending Apr 2009 | Quarter Ending Apr 2009 | Quarter Ending Jan 2009 | Quarter Ending Oct 2008 |
|---|---|---|---|---|---|
| **Current Assets** | | | | | |
| **Cash** | 957.0 | 1,371.0 | 1,371.0 | 864.0 | 918.0 |
| **Net Receivables** | 7,288.0 | 7,452.0 | 7,452.0 | 8,753.0 | 7,999.0 |
| **Inventories** | 7,528.0 | 6,993.0 | 6,993.0 | 6,705.0 | 9,050.0 |
| **Other Current Assets** | 1,910.0 | 1,735.0 | 1,735.0 | 1,166.0 | 2,272.0 |
| **Total Current Assets** | 17,683.0 | 17,551.0 | 17,551.0 | 17,488.0 | 20,239.0 |
| **Net Fixed Assets** | 25,712.0 | 25,800.0 | 25,800.0 | 25,756.0 | 25,525.0 |
| **Other Noncurrent Assets** | 838.0 | 861.0 | 861.0 | 862.0 | 1,277.0 |
| **Total Assets** | 44,233.0 | 44,212.0 | 44,212.0 | 44,106.0 | 47,041.0 |

| Liabilities and Shareholder's Equity | Quarter Ending Jul 2009 | Quarter Ending Apr 2009 | Quarter Ending Apr 2009 | Quarter Ending Jan 2009 | Quarter Ending Oct 2008 |
|---|---|---|---|---|---|
| **Current Liabilities** | | | | | |
| **Accounts Payable** | 6,233.0 | 6,004.0 | 6,004.0 | 6,337.0 | 7,590.0 |
| **Short-Term Debt** | 573.0 | 1,255.0 | 1,255.0 | 1,262.0 | 2,849.0 |
| **Other Current Liabilities** | 3,004.0 | 2,990.0 | 2,990.0 | 2,913.0 | 3,057.0 |
| **Total Current Liabilities** | 9,810.0 | 10,249.0 | 10,249.0 | 10,512.0 | 13,496.0 |
| **Long-Term Debt** | 17,441.0 | 17,514.0 | 17,514.0 | 17,490.0 | 17,444.0 |
| **Other Noncurrent Liabilities** | 2,380.0 | 2,330.0 | 2,330.0 | 2,392.0 | 2,521.0 |
| **Total Liabilities** | 29,631.0 | 30,093.0 | 30,093.0 | 30,394.0 | 33,461.0 |



| Shareholder's Equity | Quarter Ending Jul 2009 | Quarter Ending Apr 2009 | Quarter Ending Apr 2009 | Quarter Ending Jan 2009 | Quarter Ending Oct 2008 |
|---|---|---|---|---|---|
| Preferred Stock Equity | -- | -- | -- | -- | -- |
| Common Stock Equity | 14,602.0 | 14,119.0 | 14,119.0 | 13,712.0 | 13,580.0 |
| Total Equity | 14,602.0 | 14,119.0 | 14,119.0 | 13,712.0 | 13,580.0 |
| Shares Outstanding (mil.) | 751.9 | 751.9 | 751.9 | 751.9 | 751.9 |

## ANNUAL CASH FLOW

All amounts in millions of US Dollars unless otherwise noted.

| | Jan 2009 | Jan 2008 | Jan 2007 |
|---|---|---|---|
| Net Operating Cash Flow | 4,430.0 | 4,125.0 | 4,862.0 |
| Net Investing Cash Flow | (4,373.0) | (6,195.0) | (4,693.0) |
| Net Financing Cash Flow | (1,643.0) | 3,707.0 | (1,004.0) |
| Net Change in Cash | (1,586.0) | 1,637.0 | (835.0) |
| Depreciation & Amortization | 1,826.0 | 1,659.0 | 1,496.0 |
| Capital Expenditures | (3,547.0) | (4,369.0) | (3,928.0) |
| Cash Dividends Paid | (465.0) | (442.0) | (380.0) |

## QUARTERLY CASH FLOW

All amounts in millions of US Dollars unless otherwise noted.

| | Jul 2009 | Apr 2009 | Apr 2009 | Jan 2009 | Oct 2008 |
|---|---|---|---|---|---|
| Net Operating Cash Flow | 2,051.0 | 999.0 | -- | 4,430.0 | 1,780.0 |
| Net Investing Cash Flow | (972.0) | (372.0) | -- | (4,373.0) | (3,363.0) |
| Net Financing Cash Flow | (986.0) | (120.0) | -- | (1,643.0) | 51.0 |
| Net Change in Cash | 93.0 | 507.0 | -- | (1,586.0) | (1,532.0) |
| Depreciation & Amortization | 478.0 | 472.0 | 472.0 | 474.0 | 469.0 |
| Capital Expenditures | (1,042.0) | (540.0) | -- | (3,547.0) | (2,827.0) |
| Cash Dividends Paid | (241.0) | (121.0) | -- | (465.0) | (345.0) |

## HISTORICAL FINANCIALS
### Income Statement

| Year | Revenue ($ mil.) | Net Income ($ mil.) | Net Profit Margin ($ mil.) | Employees |
|---|---|---|---|---|
| Jan 2009 | 64,948.00 | 2,214.00 | 3.4% | 351,000 |
| Jan 2008 | 63,367.00 | 2,849.00 | 4.5% | 366,000 |
| Jan 2007 | 59,490.00 | 2,787.00 | 4.7% | 352,000 |
| Jan 2006 | 52,620.00 | 2,408.00 | 4.6% | 338,000 |
| Jan 2005 | 46,839.00 | 3,198.00 | 6.8% | 292,000 |
| Jan 2004 | 48,163.00 | 1,841.00 | 3.8% | 328,000 |
| Jan 2003 | 43,917.00 | 1,654.00 | 3.8% | 306,000 |
| Jan 2002 | 39,888.00 | 1,374.00 | 3.4% | 280,000 |

| Year | Revenue ($ mil.) | Net Income ($ mil.) | Net Profit Margin ($ mil.) | Employees |
|---|---|---|---|---|
| Jan 2001 | 36,903.00 | 1,264.00 | 3.4% | 254,000 |
| Jan 2000 | 33,702.00 | 1,185.00 | 3.5% | 214,000 |

## 2009 Year-End Financials

| | |
|---|---|
| Debt Ratio | 127.6% |
| Return on Equity | 16.1% |
| Cash ($ mil) | 864.00 |
| Current Ratio | 1.66 |
| Long-Term Debt ($ mil.) | 17,490.00 |
| Shares Outstanding (mil.) | 751.9 |
| Dividend Yield | 1.4% |
| Dividend Payout | 0.15 |
| Market Cap ($ mil.) | 23,458.0 |

### Stock History

| | Stock Price ($) | | | P/E | | Per Share ($) | | |
|---|---|---|---|---|---|---|---|---|
| Year | FY High | FY Low | FY Close | High | Low | Earns. | Div. | Book Value |
| Jan 2009 | 59.55 | 25.60 | 31.20 | 21 | 9 | 2.86 | 0.44 | 18.24 |
| Jan 2008 | 70.75 | 47.01 | 55.42 | 21 | 14 | 3.33 | 0.52 | 20.36 |
| Jan 2007 | 62.96 | 44.70 | 61.36 | 20 | 14 | 3.21 | 0.44 | 20.79 |
| Jan 2006 | 60.00 | 45.55 | 54.75 | 22 | 17 | 2.71 | 0.36 | 18.89 |
| Jan 2005 | 54.14 | 39.47 | 50.77 | 15 | 11 | 3.51 | 0.30 | 17.33 |
| Jan 2004 | 41.79 | 25.60 | 37.96 | 21 | 13 | 2.01 | 0.26 | 14.72 |
| Jan 2003 | 46.15 | 24.90 | 28.21 | 25 | 14 | 1.81 | 0.24 | 12.56 |
| Jan 2002 | 44.44 | 26.00 | 44.41 | 30 | 17 | 1.50 | 0.22 | 10.45 |
| Jan 2001 | 40.00 | 21.62 | 37.98 | 29 | 16 | 1.38 | 0.21 | 8.67 |
| Jan 2000 | 38.50 | 27.12 | 32.94 | 31 | 22 | 1.23 | 0.20 | 7.80 |

## MARKET DATA

### Current Information

| | | | |
|---|---|---|---|
| Last Close (23-Oct-2009) | $49.03 | Price/Sales Ratio | 0.57 |
| 52-Week High | $51.77 | Price/Book Ratio | 2.52 |
| 52-Week Low | $25.00 | Price/Earnings Ratio | (-17.67) |
| 60-Month Beta | 1.2 | Price/Cash Flow Ratio | 7.83 |
| Market Cap (mil.) | $36,863.64 | Return on Assets | (-4.7%) |
| Shares Outstanding (mil.) | 751.9 | Return on Equity | (-14.9%) |
| Dividend Rate | 0.68 | Current Ratio | 1.66 |

**Current Information**

| | | | |
|---|---|---|---|
| Dividend Yield | 0.9% | Long-Term Debt/Equity | 1.37 |
| # of Institutional Holders | 239 | % Owned by Institutions | 5.4% |
| Latest Short Interest Ratio | 2.44 | Latest Net Insider Transactions | -- |

| **Growth Rates** | 12 Month | 36 Month | 60 Month |
|---|---|---|---|
| Revenue Growth | 2.5% | 7.3% | 6.2% |
| EPS Growth | (14.1%) | 1.8% | 7.3% |
| Dividend Growth | (15.4%) | 6.9% | 11.1% |

## COMPARISON DATA

| **Profitability** | Company | Industry | Market |
|---|---|---|---|
| Gross Profit Margin | 29.43% | 23.93% | 28.77% |
| Pre-Tax Profit Margin | 5.20% | 4.81% | 8.48% |
| Net Profit Margin | 3.24% | 3.09% | 5.53% |
| Return on Equity | 14.9% | 18.4% | 10.1% |
| Return on Assets | 4.7% | 7.2% | 1.5% |
| Return on Invested Capital | 6.9% | 11.0% | 4.4% |

| **Valuation** | Company | Industry | Market |
|---|---|---|---|
| Price/Sales Ratio | 0.57 | 0.48 | 7.12 |
| Price/Earnings Ratio | 17.67 | 15.55 | 25.91 |
| Price/Book Ratio | 2.52 | 2.79 | 6.85 |
| Price/Cash Flow Ratio | 7.83 | 8.72 | 44.25 |

| **Operations** | Company | Industry | Market |
|---|---|---|---|
| Days of Sales Outstanding | 43.15 | 7.45 | 34.66 |
| Inventory Turnover | 6.1 | 8.4 | 8.1 |
| Days Cost of Goods Sold in Inventory | 59 | 43 | 45 |
| Asset Turnover | 1.4 | 2.3 | 0.3 |
| Net Receivables Turnover Flow | 8.5 | 49.0 | 10.5 |
| Effective Tax Rate | 37.6% | 34.7% | 37.9% |

| **Financial** | Company | Industry | Market |
|---|---|---|---|
| Current Ratio | 1.66 | 1.04 | 1.33 |

| Financial | Company | Industry | Market |
|---|---|---|---|
| Quick Ratio | 0.9 | 0.3 | 1.2 |
| Leverage Ratio | 3.22 | 2.55 | 7.13 |
| Total Debt/Equity | 1.37 | 0.65 | 1.37 |
| Interest Coverage | 4.91 | 8.06 | 17.33 |

| Per Share Data ($) | Company | Industry | Market |
|---|---|---|---|
| Revenue Per Share | 85.55 | 100.60 | 3.76 |
| Fully Diluted Earnings Per Share from Total Operations | 2.78 | 3.12 | 1.08 |
| Dividends Per Share | 0.48 | 0.84 | 0.25 |
| Cash Flow Per Share | 6.26 | 5.56 | 0.61 |
| Working Capital Per Share | 9.28 | 0.61 | 0.64 |
| Long-Term Debt Per Share | 23.26 | 9.80 | 4.06 |
| Book Value Per Share | 19.42 | 17.38 | 3.91 |
| Total Assets Per Share | 58.66 | 42.71 | 27.90 |

| Growth | Company | Industry | Market |
|---|---|---|---|
| 12-Month Revenue Growth | 2.5% | 7.2% | 31.9% |
| 12-Month Net Income Growth | (22.3%) | 1.7% | (27.7%) |
| 12-Month EPS Growth | (14.1%) | 4.4% | (50.0%) |
| 12-Month Dividend Growth | (15.4%) | 7.8% | -- |
| 36-Month Revenue Growth | 7.3% | 9.1% | 14.3% |
| 36-Month Net Income Growth | (2.8%) | 5.1% | (5.6%) |
| 36-Month EPS Growth | 1.8% | 7.1% | (14.7%) |
| 36-Month Dividend Growth | 6.9% | 16.9% | -- |

## COMPETITIVE LANDSCAPE

KEY: **Best of Group.** Companies listed are Top Competitors.

| Key Numbers | Target | Costco Wholesale | Kmart | Wal-Mart | | |
|---|---|---|---|---|---|---|
| Annual Sales ($ mil.) | 64,948.0 | 71,422.0 | 16,219.0 | 405,607.0 | -- | -- |
| Employees | 351,000 | 142,000 | 133,000 | 2,100,000 | -- | -- |
| Market Cap ($ mil.) | 36,863.6 | 25,204.5 | -- | 194,538.3 | -- | -- |

| Profitability | Target | Costco Wholesale | Kmart | Wal-Mart | Industry | Market |
|---|---|---|---|---|---|---|
| Gross Profit Margin | **29.43%** | 12.72% | -- | 24.85% | 23.93% | 28.77% |
| Pre-Tax Profit Margin | **5.20%** | 2.40% | -- | 5.17% | 4.81% | 8.48% |
| Net Profit Margin | 3.24% | 1.52% | -- | **3.32%** | 3.09% | 5.53% |
| Return on Equity | 14.9% | 11.3% | -- | **20.0%** | 18.4% | 10.1% |
| Return on Assets | 4.7% | 5.1% | -- | **8.0%** | 7.2% | 1.5% |
| Return on Invested Capital | 6.9% | 9.1% | -- | **12.0%** | 11.0% | 4.4% |

| Valuation | Target | Costco Wholesale | Kmart | Wal-Mart | Industry | Market |
|---|---|---|---|---|---|---|
| Price/Sales Ratio | 0.57 | **0.36** | -- | 0.49 | 0.48 | 7.12 |
| Price/Earnings Ratio | 17.67 | 23.42 | -- | **14.93** | 15.55 | 25.91 |
| Price/Book Ratio | 2.52 | **2.52** | -- | 2.90 | 2.79 | 6.85 |
| Price/Cash Flow Ratio | **7.83** | 12.17 | -- | 8.66 | 8.72 | 44.25 |

| Operations | Target | Costco Wholesale | Kmart | Wal-Mart | Industry | Market |
|---|---|---|---|---|---|---|
| Days of Sales Outstanding | 43.15 | 4.04 | -- | **3.13** | 7.45 | 34.66 |
| Inventory Turnover | 6.1 | **11.9** | -- | 8.8 | 8.4 | 8.1 |
| Days Cost of Goods Sold in Inventory | 59 | **31** | -- | 42 | 43 | 45 |
| Asset Turnover | 1.4 | **3.3** | -- | 2.4 | 2.3 | 0.3 |
| Net Receivables Turnover Flow | 8.5 | 90.3 | -- | **116.8** | 49.0 | 10.5 |
| Effective Tax Rate | 37.6% | 36.6% | -- | **34.0%** | 34.7% | 37.9% |

| Financial | Target | Costco Wholesale | Kmart | Wal-Mart | Industry | Market |
|---|---|---|---|---|---|---|
| Current Ratio | **1.66** | 1.11 | -- | 0.88 | 1.04 | 1.33 |

| Financial | Target | Costco Wholesale | Kmart | Wal-Mart | Industry | Market |
|---|---|---|---|---|---|---|
| Quick Ratio | **0.9** | 0.5 | -- | 0.2 | 0.3 | 1.2 |
| Leverage Ratio | 3.22 | **2.19** | -- | 2.50 | 2.55 | 7.13 |
| Total Debt/ Equity | 1.37 | **0.23** | -- | 0.59 | 0.65 | 1.37 |
| Interest Coverage | 4.91 | **16.87** | -- | 10.80 | 8.06 | 17.33 |

| Per Share Data ($) | Target | Costco Wholesale | Kmart | Wal-Mart | Industry | Market |
|---|---|---|---|---|---|---|
| Revenue Per Share | 85.55 | **162.16** | -- | 102.73 | 100.60 | 3.76 |
| Fully Diluted Earnings Per Share from Total Operations | 2.78 | 2.50 | -- | **3.42** | 3.12 | 1.08 |
| Dividends Per Share | 0.48 | 0.68 | -- | **1.02** | 0.84 | 0.25 |
| Cash Flow Per Share | **6.26** | 4.75 | -- | 5.83 | 5.56 | 0.61 |
| Working Capital Per Share | **9.28** | 2.42 | -- | (1.67) | 0.61 | 0.64 |
| Long-Term Debt Per Share | 23.26 | **5.06** | -- | 8.96 | 9.80 | 4.06 |
| Book Value Per Share | 19.42 | **22.98** | -- | 17.37 | 17.38 | 3.91 |
| Total Assets Per Share | **58.66** | 50.41 | -- | 42.37 | 42.71 | 27.90 |

| Growth | Target | Costco Wholesale | Kmart | Wal-Mart | Industry | Market |
|---|---|---|---|---|---|---|
| 12-Month Revenue Growth | 2.5% | (1.5%) | -- | **7.1%** | 7.2% | 31.9% |
| 12-Month Net Income Growth | (22.3%) | (15.3%) | -- | **5.3%** | 1.7% | (27.7%) |
| 12-Month EPS Growth | (14.1%) | (14.5%) | -- | **6.0%** | 4.4% | (50.0%) |
| 12-Month Dividend Growth | (15.4%) | 11.5% | -- | **8.0%** | 7.8% | -- |
| 36-Month Revenue Growth | 7.3% | 5.9% | -- | **9.1%** | 9.1% | 14.3% |
| 36-Month Net Income Growth | (2.8%) | (0.5%) | -- | **6.1%** | 5.1% | (5.6%) |

| Growth | Target | Costco Wholesale | Kmart | Wal-Mart | Industry | Market |
|--------|--------|------------------|-------|----------|----------|--------|
| 36-Month EPS Growth | 1.8% | 2.4% | -- | 7.7% | 7.1% | (14.7%) |
| 36-Month Dividend Growth | 6.9% | 11.5% | -- | 16.6% | 16.9% | -- |

# Other Resources Available on Hoovers Online

Map of Headquarters
Industry Watch
News and Press Releases for Target (last 90 days)
Financial Data Definitions
Market Data Definitions
Comparison Data Definitions
Historical Financials & Employees Defnitions

**The Rich Register**
Featuring information on 4,700 individuals with a net worth greater than $25 million, The Rich Register is available in
both hardcover and CD-ROM format.
Learn More

**Build Lead Lists**

 Use Hoover's Lead Finder to create prospect and contact lists.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

## CV10- 1042 GAF (JEMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [_] **Southern Division** | [_] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)       NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Julius Friedman | ETHEX Corporation, Target Corporation, and DOES 1 through 25, inclusive, |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| JOHN A. GIRARDI          (213) 977-0211<br>GIRARDI & KEESE          FAX - (213) 481-1554<br>1126 WILSHIRE BOULEVARD<br>LOS ANGELES, CA 90017 | GARY M. ROBERTS          (213) 623-9300<br>SHIRIN M. SOLEMAN          FAX - (213) 623-9924<br>SONNENSCHEIN NATH & ROSENTHAL LLP<br>601 SOUTH FIGUEROA STREET, SUITE 2500<br>LOS ANGELES, CA 90017-5704 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No          ☒ **MONEY DEMANDED: $** over 75,000

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
DIVERSITY JURISDICTION - 28 U.S.C. §§1332, 1441 AND 1446.   SUIT FOR NEGLIGENCE

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☒ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities – Employment | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**     Case Number:     CV10 1042

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

American LegalNet, Inc.
www.FormsWorkflow.com

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Julius Friedman - Los Angeles County | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | ETHEX Corporation - Missouri<br>Target Corporation - Minnesota |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):   Shirin M. Soleman      Date   February 11, 2010

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com